### In the Matter of R.G.

### No. 01–98–00878–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 27, 1999.

Rehearing Overruled July 2, 1999.

Brian J. Fischer, Houston, for Appellee.

John B. Holmes, Alan Curry, Houston, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

MARGARET GARNER MIRABAL, Justice.

This is an appeal from a juvenile court order transferring appellant, R.G., to the custody of the Institutional Division of the Texas Department of Criminal Justice for

the completion of a forty year determinate sentence. We affirm.

## FACTS

In March 1995, a jury found that appellant, a person under the age of seventeen, engaged in the delinquent conduct of murder. The jury assessed appellant's punishment at a determinate sentence of 40 years confinement in the Texas Youth Commission (TYC), with possible transfer to the Texas Department of Criminal Justice (TDCJ).

On April 27, 1998, before appellant's eighteenth birthday, the State filed a motion requesting a May 5, 1998, transfer-release hearing to determine if appellant should be transferred to TDCJ to serve the remainder of his sentence. The motion stated "notification has been received from the Texas Youth Commission ... and they have requested that a hearing be scheduled and a bench warrant be issued for the Juvenile Respondent." In the motion, the State requested that proper notice of the hearing be sent as required by law to: (1) appellant, at the Giddings State School; (2) appellant's parents; (3) the legal custodian of appellant, the TYC, at the Giddings State School; and (4) the mother of the complainant. The motion stated that appellant's counsel had been notified of the hearing and had indicated his agreement to the hearing date.

Appellant, his parents, his counsel, counsel for the State, a representative for the TYC, and the complainant's mother all appeared at the hearing. After considering the evidence, the trial court entered an order transferring appellant to the TDCJ to serve the remainder of his sentence.

## NOTICE

In his first three points of error, appellant complains the trial court did not have "jurisdiction" to proceed with the transfer hearing "absent any proof of service of the notice of the hearing upon appellant."

At the hearing, before any evidence was presented, appellant objected to the court's jurisdiction to hear the matter. Appellant's counsel claimed the State had the burden of proving appellant received notice of the hearing, and without proof of notice in the record, the court did not have jurisdiction to proceed with the hearing. The State responded that it had requested, through its motion, that notice be sent to all interested parties, and the judge had signed an order directing notice be sent. All interested parties were present in the courtroom. The court overruled appellant's objection to jurisdiction.

■ The trial court retained jurisdiction over appellant for purposes of the transfer hearing. The Family Code provides:

### Jurisdiction for Transfer or Release Hearing

The court retains jurisdiction over a person, without regard to the age of the person, who is referred to the court under section 54.11 for transfer to the Texas Department of Criminal Justice or release under supervision.

Tex. Fam.Code Ann. § 51.0411 (Vernon Supp.1999). Appellant was referred to the court under section 54.11 for transfer to the TDCJ. The court properly overruled appellant's objection to jurisdiction.

■ As to appellant's general complaint about the adequacy of the notice of the hearing, Section 54.11(b) of the Family Code provides: "The court shall notify the following of the time and place of the hearing: (1) the person to be transferred or released under supervision." Tex. Fam. Code Ann. § 54.11(b)(1) (Vernon 1996). The record reflects the following: In its motion for a release and transfer hearing, the State requested that appellant receive "proper notification as required by law"; the trial court ordered that appellant (as well as appellant's legal custodian, parents, and the mother of the complainant) receive notice of the hearing; all of those parties, plus appellant's attorney who had agreed to the hearing date, were present at the

hearing. We conclude that the record supports the trial court's finding, set out in its order, that "due notice had been issued on all parties as required by sections 54.11(b) and (d), Texas Family Code."

We overrule points of error one through three.

## SUFFICIENCY OF EVIDENCE

In points of error four, five, and six, appellant argues the trial court abused its discretion by ordering his transfer to the TDCJ because: (1) it did not follow the recommendations of the expert who testified at the hearing; (2) there was no evidence to support the order of transfer; and (3) there was insufficient evidence to support the transfer.

■ When reviewing the trial court's decision to transfer a juvenile from the TYC to the TDCJ, the appellate court employs an abuse of discretion standard. *K.L.M. v. State*, 881 S.W.2d 80, 84 (Tex. App.—Dallas 1994, no writ); *In re C.L., Jr.*, 874 S.W.2d 880, 886 (Tex.App.—Austin 1994, no writ). If some evidence exists to support the trial court's decision, there is no abuse of discretion. *Id.*

In making the transfer-release determination, the trial court may consider: the experiences and character of the person before and after commitment to the TYC; the nature of the offense the person was found to have committed and the manner in which the offense was committed; the ability of the person to contribute to society; the protection of the victim of the offense or any member of the victim's family; the recommendations of the youth commission and prosecuting attorney; the best interests of the person; and any other factor relevant to the issue to be decided. Tex. Fam.Code Ann. § 54.11(k) (Vernon 1996).

■ The trial court is not required to consider all of the factors, and the court is expressly allowed to consider unlisted but relevant factors. *C.L., Jr.*, 874 S.W.2d at 886. Evidence of each factor is not re-

quired. *Id.* Similarly, the court may assign different weights to the factors it considers. *Id.* To apply the standard, we look to see whether the court acted without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *In re J.C.D.*, 874 S.W.2d 107, 108 (Tex. App.—Austin 1994, no writ). We may not reverse for abuse of discretion merely because we disagree with the trial court's decision, as long as the decision was within the trial court's discretionary authority. *J.C.D.*, 874 S.W.2d at 108.

■ At appellant's transfer hearing, the trial court heard testimony from the victim's mother, the program administrator for the TYC, a clinical psychologist at the TYC, and appellant. The court also took judicial notice of the summary report and the complete file from the TYC, and the confession and statements from the court's file of the adjudication hearing. Finally, the court heard the recommendation of the prosecuting attorney.

The complainant's mother, who was also present at appellant's adjudication hearing, recommended that appellant be transferred to the TDCJ. She testified that she did not feel appellant could be a useful citizen in society because of his gang affiliation and the severity of the offense he committed. The TYC representative, L. Cucolo, also recommended that appellant be transferred to the TDCJ. Cucolo testified that although appellant earned his GED and had successfully completed some of the programs at the facility, he recently had been involved in two behavioral incidents. First, in September 1997, appellant attempted to smuggle money into the facility after an off-campus visit. Then, just a month before the transfer-release hearing, appellant was caught smoking marihuana at the facility. This inconsistent behavior made it difficult for the TYC reviewing board to reach a consensus for a recommendation regarding appellant's transfer. Cucolo, however, believed that the recent

incidents emphasized appellant's anti-social mentality and was indicative of appellant's value system. After reviewing appellant's entire file, and presenting his report to the court, Cucolo recommended that appellant be transferred to the TDCJ.

The court also heard the testimony of Dr. Christopher Dalton, a clinical psychologist on staff at the TYC. Dr. Dalton, testifying as an expert, stated that appellant had improved through therapy at the TYC and that he had shown remorse for what he had done. Based upon the analysis he had conducted, Dr. Dalton testified that there was a strong likelihood appellant would respond to further treatment at the TYC. Dr. Dalton also stated that appellant's use of marihuana could be attributed to the fact that he was chemically dependent and was under a great deal of stress, and was just unable to resist smoking marihuana. During cross-examination, Dr. Dalton also recounted for the court the offense committed by appellant. Dr. Dalton stated that appellant and other gang members attempted to go to a party and were told they were not welcome. Appellant left the party, got a semi-automatic gun, returned to the party and fired into the crowd, emptying the ammunition clip of the gun, and killing the victim.

Finally, the court heard the recommendation of the prosecuting attorney, who asked the court to consider appellant's experiences and character, both before and after his commitment to the TYC. The prosecutor also asked the court to consider the nature of the penal offense committed by appellant. Based on these factors, the prosecutor recommended that appellant be transferred to the TDCJ to serve the remainder of his sentence.

After reviewing the record in light of the factors set forth in section 54.11(k) of the Family Code, we cannot say the trial court abused its discretion in ordering appellant transferred to the TDCJ for the remainder of his determinate sentence.

We overrule appellant's fourth, fifth, and sixth points of error.

We affirm.