No. 04-00-00729-CV



In the Matter of D.V.





From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 1998-JUV-02536


Honorable Andy Mireles, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: October 24, 2001


AFFIRMED

 D.V., a minor, appeals the order transferring him from the custody of the Texas Youth
Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice
(TDCJ). In one point of error, appellant contends that the trial court abused its discretion in
transferring him to TDCJ. We affirm.

BACKGROUND


 In February 1999, appellant waived his right to a jury trial and pleaded true to the charge of
aggravated sexual assault in violation of section 22.021 of the Texas Penal Code. TEX. PENAL CODE
ANN. § 22.021(Vernon Supp. 2001). Aggravated sexual assault is one of the first-degree felony
offenses for which a juvenile may receive a determinate sentence. TEX. FAM. CODE ANN. §§
53.045(a)(5) & 54.04(d)(3) (Vernon 2001). The trial court entered its order of adjudication and
sentenced appellant to a six-year determinate sentence at TYC with the possibility of transfer to
TDCJ. Pursuant to section 54.11(i)(2) of the Family Code, TYC petitioned the trial court for the
transfer of appellant to TDCJ for the remainder of his sentence. On July 27, 2000, when appellant
was 16 years old, the trial court granted TYC's transfer request. This appeal ensued.

STANDARD OF REVIEW


 This court applies an abuse of discretion standard of review to a trial court's decision to
transfer a juvenile from TYC to TDCJ. In re J.M.O., 980 S.W.2d 811, 812-13 (Tex. App.--San
Antonio 1998, pet. denied). This court must review the entire record in deciding whether the trial
court acted in an arbitrary manner. Id. at 13. The trial court acts within its discretion if some
evidence exists to support the trial court's decision. In re R.G., 994 S.W.2d 309, 312 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied).

DETERMINATE SENTENCE


 Under section 54.11(1)(2) Family Code, after a transfer hearing, a juvenile may be
transferred to the Institutional Division of the TDCJ for the completion of the sentence. Tex. Fam.
Code Ann. § 54.11(i)(2) (Vernon 1996). In deciding whether to transfer the juvenile to TDCJ, the
court may consider:

 the experiences and character of the person before and after
commitment to the youth commission, the nature of the penal offense
that the person was found to have committed and the manner in
which the offense was committed, the abilities of the person to
contribute to society, the protection of the victim of the offense or any
member of the victim's family, the recommendations of the youth
commission and prosecuting attorney, the best interests of the person,
and any other factor relevant to the issue to be decided.

TEX. FAM. CODE ANN. § 54.11(k) (Vernon 1996).


 The trial court does not have to consider all of the factors enumerated in the Family Code,
and is expressly permitted to consider other relevant factors. In Re R.G., 994 S.W.2d at 312. The
Court has discretion to assign different weights to the factors presented, and evidence of every
enumerated factor is not required. Id. The reviewing court may not reverse unless the trial court's
decision exceeded its discretionary authority. Id.

 Under section 61.079 of the Human Resources Code, TYC may request transfer of a juvenile
to the TDCJ Institutional Division after the juvenile turns 16 years of age but before the juvenile
turns 21 years of age if the juvenile has not yet completed the sentence and the child's conduct
indicates that the welfare of the community requires the transfer. TEX. HUM. RES. CODE ANN. §
61.079 (Vernon 2001). The Texas Legislature has recognized that "TYC's ability to transfer juvenile
offenders to the adult criminal justice system as soon as legally possible, when a transfer was
appropriate, was thus a critical element of the determinate sentencing scheme." In re H.V.R., 974
S.W.2d 213, 216 (Tex. App.-San Antonio 1998, no pet.) (referencing Robert O. Dawson, The Third
Justice System: The New Juvenile-Criminal System of Determinate Sentencing for the Youthful
Violent Offender in Texas, 19 St. Mary's L.J. 943 (1988)).

 Although the appellant was only 16 at the time his transfer to TDCJ was ordered, the
Legislature has decided that 16 is the age at which juveniles may be removed from TYC if required
by the welfare of the community. Therefore, even though TYC could have waited longer before
requesting appellant's transfer, TYC's request to transfer appellant was within the parameters set by
our Legislature.



SUFFICIENCY OF THE EVIDENCE 

 In his sole point of error, appellant claims the evidence is insufficient to support the trial
court's transfer order. However, the record clearly shows that evidence was presented at the transfer
hearing to support the trial court's decision.

 At the transfer hearing, TYC called Court Liaison Leonard Cucolo, who recommended that
appellant be transferred to TDCJ. Cucolo based that recommendation on a review of appellant's
case file and a clinical interview conducted by a TYC psychologist. Although appellant would not
reach the age of 18 until November 2001, TYC decided to request his transfer to TDCJ at the age
of 16. Cucolo testified that appellant was at a high risk to reoffend, he was not amenable to further
treatment, and he was not motivated to change. Finally, Cucolo testified that during the 15 months
appellant was in TYC custody, appellant was involved in 77 incidents of misconduct. Those
incidents included four assaults on TYC staff and 14 assaults on students or youth within the facility.
Based on those facts, and the impediment appellant's disruptions caused to the progress of other
youth, TYC recommended that appellant be transferred.

 Appellant also testified at the transfer hearing. His testimony included a statement that he
had not participated in some of the therapies offered at TYC because he did not feel he needed them.
Appellant admitted to causing 40 incidents of misconduct, and agreed that his attitude was a
problem. Additionally, appellant's father testified that his son should not be transferred because at
TDCJ he would likely not receive the treatment he would at TYC. Appellant's father also testified
that his son probably did not understand the importance of participating in therapy at TYC.

 The trial court has not abused its discretion if some evidence supports its decision. In re
T.D.H., 971 S.W.2d 606, 610 (Tex. App.-Dallas 1998, no pet.). The record shows that the trial court
considered the relevant factors that were presented to it. This evidence is sufficient to support the
trial court's decision to transfer appellant to TDCJ.

CONCLUSION

 After a complete review the record, it is clear the trial court did not abuse its discretion in
transferring appellant from TYC to TDCJ. The record shows that appellant committed aggravated
sexual assault, and he has not shown remorse for this crime. Appellant has assaulted TYC staff as
well as other students at TYC. Appellant's disruptions have impeded those students' progress. Both
TYC and the prosecutor recommended appellant's transfer to TDCJ. Therefore, the record supports
the trial court's decision to transfer appellant to TDCJ. We overrule appellant's sole point of error.

 The trial court's order is affirmed.


 Catherine Stone, Justice



DO NOT PUBLISH