**In the Matter of J.L.C., a Child.**

**No. 05–04–01070–CV.**

Court of Appeals of Texas, Dallas.

April 14, 2005.

April E. Smith, Mesquite, for appellant.

Lori L. Ordiway and Laura Anne Coats, Asst. Dist. Attys., Dallas, for appellee.

Before Justices WHITTINGTON, FITZGERALD, and RICHTER.

## OPINION

Opinion by Justice WHITTINGTON.

J.L.C. appeals the trial court's order transferring him from the Texas Youth Commission (TYC) to the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his determinate seven-year sentence. In one issue, J.L.C. contends the trial judge abused his discretion in ordering him transferred to the TDCJ. We affirm the trial court's order.

On November 15, 2000, the trial judge declared that J.L.C. was a child engaged in delinquent conduct for committing aggravated assault and theft. The judge ordered J.L.C., who was fourteen years old at the time, committed to the TYC for a determinate sentence of seven years, with possible transfer to the TDCJ. Subsequently, the TYC requested J.L.C. be transferred to the TDCJ to complete his sentence. After the hearing on the request, the trial judge ordered J.L.C. to be transferred to the TDCJ.

In a single issue, J.L.C. contends the trial judge abused his discretion by ordering him transferred to the TDCJ. We review the trial judge's decision to transfer a juvenile from the TYC to the TDCJ under an abuse of discretion standard. *In re T.D.H.*, 971 S.W.2d 606, 610 (Tex.App.-Dallas 1998, no pet.); *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex.App.-Dallas, no writ). In deciding whether the trial judge abused his discretion, we review the entire record to determine if the judge acted without reference to any guiding rules or principles. *In re T.D.H.*, 971 S.W.2d at 610. If some evidence supports the trial judge's decision, there is no abuse of discretion. *In re T.D.H.*, 971 S.W.2d at 610. We do not substitute our decision for that of the trial judge and reverse only if the judge acted in an unreasonable or arbitrary manner. *In re T.D.H.*, 971 S.W.2d at 610.

At the hearing on a request to transfer a juvenile to the TDCJ, the judge may consider: (i) the experiences and character of the juvenile before and after commitment to the TYC; (ii) the nature of the penal offense and the manner in which the offense was committed; (iii) the abilities of the juvenile to contribute to society; (iv) the protection of the victim of the offense or any member of the victim's family; (v) the recommendations of the TYC and the prosecuting attorney; and (vi) the best interests of the juvenile and any other relevant factors. *See* TEX. FAM.CODE ANN. § 54.11(k) (Vernon Supp.2004–05); *In re R.G.*, 994 S.W.2d 309, 312 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Evidence of each factor is not required, and the trial judge need not consider every

factor in making his decision. *In re R.G.*, 994 S.W.2d at 312. The trial judge may assign different weights to the factors he considers, and he may consider unlisted but relevant factors. *In re R.G.*, 994 S.W.2d at 312 (citing *In the matter of C.L., Jr.*, 874 S.W.2d 880, 886 (Tex.App.-Austin 1994, no writ)).

At the transfer hearing, Leonard Cucolo, a TYC representative, testified that the TYC recommended J.L.C.'s transfer to the TDCJ for several reasons. J.L.C. was initially sent to the Marlin Assessment Center, then assigned to the San Saba State School. Although Cucolo testified J.L.C. had done very well academically, he characterized J.C. as doing "poorly" in his socialization progress and rehabilitation treatment. Cucolo stated J.L.C. had 347 documented incidents of misconduct during the 42 months he had been at the TYC and had been placed in the security unit at San Saba on 75 occasions. The misconduct included general disruption, failure to follow staff instructions, aggressive behavior to staff and students, assault of students, and five "gang-related" incidents. Cucolo also testified about J.L.C.'s "risk factors associated with his risk to reoffend." Specifically, Cucolo noted that, in an psychological evaluation performed in January 2004 and admitted into evidence, J.L.C. admitted to "criminal conduct" that he had engaged in before his commitment to the TYC, including abusing drugs and alcohol, committing various acts of burglary, participating in drive-by shootings, possessing fire arms, and using knives and baseball bats in fights. J.C. indicated he started drinking alcohol on a daily basis at age thirteen, smoked marijuana daily since the age of ten or eleven, had used cocaine, and sold marijuana, cocaine, and methamphetamine on the street. Cucolo classified J.L.C.'s risk to reoffend as "significant" and "high." He rated J.L.C.'s amenability for treatment as poor, citing two separate evaluations by two psychologists. Cucolo testified J.L.C.'s caseworker reported J.L.C. lacked "motivation in completing his individual case plan assignments," tended "to blame others for his lack of progress," and failed to "take responsibility for his lack of progress." Cucolo concluded by stating that the TYC recommended J.L.C. be transferred to the TDCJ. J.L.C. testified and challenged the accuracy of Cucolo's testimony. According to J.L.C., he was not given "the proper treatment that was supposed to be provided" to him, nor did he receive counseling for anything other than his chemical dependency. J.L.C. testified the staff made fun of him and attributed many of the instances of "disruption" to his attempts to run away from the staff. He also testified that his caseworker laughed about the possibility of his being transferred to prison. J.L.C. stated he only assaulted one person and claimed it was self-defense when he was stabbed with a pencil. He denied assaulting others, calling Cucolo's testimony "inaccurate."

After reviewing the record, we cannot conclude the trial judge abused his discretion in transferring J.L.C. to the TDCJ. Cucolo's testimony about the numerous incidents of misconduct and J.L.C.'s high risk of reoffending, along with the TYC's recommendation for transfer, constitute evidence supportive of the trial judge's decision. Although J.L.C. challenged the evidence, the trial judge was free to accept or reject J.L.C.'s testimony. We overrule J.L.C.'s sole issue.

We affirm the trial court's order transferring J.L.C. from the TYC to the TDCJ to complete the remainder of his determinate seven-year sentence.