245 S.W.3d 110 (2008)
In the Matter of F.D., a Juvenile.
No. 05-06-01712-CV.
Court of Appeals of Texas, Dallas.
January 31, 2008.
*111 Dean M. Swanda, Swanda & Swanda, P.C., Arlington, TX, for Appellant.
Craig Watkins, Dallas County District Atty., Dallas, TX, for Appellee.
Before Justices FITZGERALD, LANG-MIERS, and MAZZANT.

OPINION
Opinion by Justice MAZZANT.
The trial court ordered F.D. transferred from the Texas Youth Commission (TYC) to the Texas Department of Criminal Justice (TDCJ). In two issues, F.D. claims his Sixth Amendment right to confrontation was violated and he received ineffective assistance of counsel. We affirm the trial court's judgment.

*112 Background
F.D. pleaded guilty in juvenile court to two counts of aggravated robbery with a deadly weapon. He was committed to TYC on September 10, 2003, when he was seventeen years old. In a separate case, he was charged as an adult with arson and placed on deferred adjudication community supervision for eight years. On July 31, 2006, shortly before F.D.'s twenty-first birthday, TYC requested a hearing to transfer F.D. to TDCJ.
The transfer hearing was originally scheduled for September 7, 2006. At that time, F.D. announced "not ready" based on the confrontation clause of the Sixth Amendment. F.D.'s counsel explained that, although he had subpoenaed Jackie Daiss, the psychologist who evaluated F.D. for the purposes of the hearing, she was unable to comply with the subpoena because of an injury. Nonetheless, the hearing commenced and the State put on its evidence. The State's only witness at the hearing was Leonard Cucolo, a TYC court liaison, who testified to the matters contained in his report. F.D. objected to the report on the basis of hearsay and to Daiss's absence based on the Sixth Amendment right of confrontation. The trial court granted him a running hearsay objection.[1]
Cucolo testified that the report's psychological evaluation indicated F.D. had an antisocial personality disorder. Cucolo also explained that appellant had ninety-six documented instances of misconduct or referrals to security while in the custody of TYC. Appellant's conduct included assaultive behavior, gang-related activity, and threatening behavior towards TYC staff and students. Less than two months before the hearing, appellant attempted to solicit a female staff member with an inappropriate letter. All attempts by TYC to rehabilitate appellant, including counseling and drug treatment, were unsuccessful. As a result of its inability to rehabilitate F.D. and due to the approach of his twenty-first birthday, TYC recommended F.D. be transferred to TDCJ to serve the remainder of his sentence. After the State presented its evidence, the hearing was continued to allow F.D. more time to secure the presence of witnesses.
On September 15, 2006, the parties again appeared before the court for the continuation of the transfer hearing. F.D.'s counsel informed the court that Daiss was still unable to comply with the subpoena due to injury and that he did not know when she would be well enough to testify. F.D. again announced "not ready" based on the confrontation clause. Noting that F.D. would turn twenty-one years old on September 21, 2006, the trial court decided to proceed with the hearing. F.D. called his mother to testify on his behalf. F.D. wanted to testify on his own behalf but his counsel refused to waive the right against self-incrimination. See Tex. Fam. Code Ann. § 51.09(1) (Vernon Supp.2006) (waiver has to be made by both child and his attorney). After hearing the evidence, the trial court granted the transfer.

Discussion
In his first issue, F.D. claims his Sixth Amendment right to confrontation was violated at the transfer hearing when Daiss failed to appear and submit to cross-examination after being subpoenaed. Specifically, F.D. argues that his right to confrontation was violated because Daiss was the psychologist who diagnosed him as having an antisocial personality disorder and her *113 evaluation figured prominently in the TYC report to the court.
We review the trial judge's decision to transfer a juvenile from the TYC to the TDCJ under an abuse of discretion standard. In re J.L.C., 160 S.W.3d 312, 313 (Tex.App.-Dallas 2005, no pet.); In re T.D.H., 971 S.W.2d 606, 610 (Tex.App.-Dallas 1998, no pet.). In deciding whether the trial judge abused his discretion, we review the entire record to determine if the judge acted without reference to any guiding rules or principles. In re J.L.C., 160 S.W.3d at 313; In re T.D.H., 971 S.W.2d at 610. If some evidence supports the trial judge's decision, there is no abuse of discretion. In re J.L.C., 160 S.W.3d at 313; In re T.D.H., 971 S.W.2d at 610. We do not substitute our decision for that of the trial judge and reverse only if the judge acted in an unreasonable or arbitrary manner. In re J.L.C., 160 S.W.3d at 313; In re T.D.H., 971 S.W.2d at 610.
Release or transfer proceedings involving juveniles are governed by section 54.11 of the Texas Family Code. See Tex. Fam. Code Ann. § 54.11 (Vernon Supp.2006). Section 54.11(d) provides that at a transfer hearing "the court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the Texas Youth Commission, in addition to the testimony of witnesses." Id. § 54.11(d). "At the hearing, the person to be transferred or released under supervision is entitled to an attorney, to examine all witnesses against him, to present evidence and oral argument, and to previous examination of all reports on and evaluations and examinations of or relating to him that may be used in the hearing." Id. § 54.11(e). At the conclusion of the hearing, the trial court may either order the return of the juvenile to TYC or the transfer of the juvenile to the custody of TDCJ for the completion of his sentence. Id. § 54.11(i).
F.D. relies on In re M.R., 5 S.W.3d 879 (Tex.App.-San Antonio 1999, pet. ref'd), to support his claim. In that case, the court of appeals concluded that the trial judge abused his discretion because he denied a timely motion for continuance to allow the defense an opportunity to issue subpoenas. See id. at 882-83. According to the court of appeals, the denial of the motion for continuance and counsel's announcement of "not ready" prevented M.R. from exercising his right of confrontation. See id. The court of appeals noted its prior decision that because a release or transfer hearing is not part of the guilt/innocence determination, due process requirements were not as stringent as those in an actual trial; however, due process requirements include the right to confrontation. Id. at 881-82.
F.D.'s reliance on In re M.R. is misplaced. This Court has concluded that a juvenile has no right of confrontation at a transfer hearing because it is dispositional rather than adjudicative in nature. See Alford v. State, 806 S.W.2d 581, 582 (Tex. App.-Dallas 1991), aff'd, 866 S.W.2d 619 (Tex.Crim.App.1993); see also In re S.M., 207 S.W.3d 421, 425 (Tex.App.-Fort Worth 2006, pet. filed); In re D.L., 198 S.W.3d 228, 229-30 (Tex.App.-San Antonio 2006, pet. denied); In re C.D.T., 98 S.W.3d 280, 283 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).
Furthermore, the present case is distinguishable from the situation in In re M.R. According to the record, the trial court continued the transfer hearing for one week in order for F.D.'s counsel to secure the live testimony of Jackie Daiss, the psychologist who conducted F.D.'s evaluation. The trial court decided to proceed only after F.D.'s counsel stated he could not estimate how long the proceedings *114 would have to be continued in order for Daiss to comply with the subpoena and after the court took note of F.D.'s approaching twenty-first birthday. See TEX. HUM. RES.CODE ANN. § 61.079(a) (Vernon 2001) (child must be at least sixteen years old and less than twenty-one years old at the time of the transfer hearing).[2] We therefore conclude the trial court did not abuse its discretion by denying F.D.'s motion for continuance. F.D.'s first issue is overruled.
In his second issue, F.D. argues that, to the extent his first issue was not preserved because Daiss failed to appear, his trial counsel's assistance was ineffective.
A juvenile has a constitutional and statutory right to the effective assistance of counsel in a juvenile proceeding. See In re K.J.O., 27 S.W.3d 340, 342 (Tex. App.-Dallas 2000, pet. denied); see also In re R.D.B., 102 S.W.3d 798, 801 (Tex.App.-Fort Worth 2003, no pet.). The effectiveness of counsel's representation in a juvenile proceeding is reviewed under Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See In re K.J.O., 27 S.W.3d at 342. F.D. must show his counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This means F.D. must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. See id.; see also In re R.D.B., 20 S.W.3d 255, 258 (Tex.App.-Texarkana 2000, no pet.). A reasonable probability is one sufficient to undermine confidence in the outcome. See R.D.B., 20 S.W.3d at 258. An allegation of ineffective assistance of counsel must be affirmatively demonstrated by the record. Thompson v. State, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999).
According to the record, trial counsel subpoenaed Daiss and repeatedly objected to her absence based on hearsay and confrontation grounds. In addition, as stated previously, F.D. had no right of confrontation at the transfer hearing. See Alford, 806 S.W.2d at 582. F.D. is therefore unable to meet either part of the Strickland standard. He is unable to show that counsel erred or that, but for counsel's error, the result of the proceeding would have been different. We overrule F.D.'s second issue.
We affirm the trial court's judgment.
NOTES
[1] Appellant concedes that the Texas Family Code allows the admission of such reports into evidence. See TEX. FAM.CODE ANN. § 54.11(d) (Vernon Supp.2006).
[2] Effective June 8, 2007, section 61.079 was amended to lower the upper age from twenty-one to nineteen years. See Act of June 8, 2007, 80th Leg., R.S., ch. 263, § 50, 2007 Tex. Gen. Laws. 447, 457.