*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00578-CV

**IN THE MATTER OF W.S.H.**, a Juvenile

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-00905
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:    February 4, 2009

AFFIRMED

This is an appeal from a juvenile court order transferring appellant, W.S.H., from the Texas

Youth Commission (TYC) to the Texas Department of Criminal Justice (TDCJ) to complete the

remainder of his fifteen year determinate sentence. In his sole issue, W.S.H. contends the trial court

abused its discretion in ordering the transfer. We affirm the trial court's order.

### BACKGROUND

On July 11, 2006, W.S.H., a juvenile, pled true to two counts of aggravated robbery and was

committed to the TYC for a determinate sentence of fifteen years. On July 18, 2008, a hearing was

held on a motion requesting that W.S.H. be transferred from the TYC to the TDCJ. At the hearing,

Leonard John Cucolo, a representative for the TYC, testified that W.S.H. met the TYC criteria to

be transferred to prison. The trial court took judicial notice of Cucolo's summary report which formed the basis for his recommendation that W.S.H. be transferred. After the State rested, W.S.H. testified in his own defense about his behavior at the TYC and his participation in the armed robberies. Following arguments of counsel, the trial court entered an order transferring W.S.H. to the TDCJ to complete his fifteen year sentence.

### STANDARD OF REVIEW

We review a trial court's decision to transfer a juvenile from the TYC to the TDCJ under an abuse of discretion standard. *See In re J.M.O.*, 980 S.W.2d 811, 812-13 (Tex. App.—San Antonio 1999, pet. denied); *In re R.G.,* 994 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). We must review the entire record to determine if the trial court acted in an arbitrary manner without reference to guiding rules of law. *See In re J.M.O.*, 980 S.W.2d at 813. We may not reverse a trial court's decision for abuse of discretion simply because we disagree with the trial court's decision. *See In re R.G.,* 994 S.W.2d at 312. So long as some evidence exists to support the trial court's decision, the trial court has not abused its discretion. *In re J.M.O.*, 980 S.W.2d at 813.

Section 54.11(k) of the Texas Family Code outlines the procedure for transferring a juvenile serving a determinate sentence from the TYC to the TDCJ. Under section 54.11(k), the trial court may consider the following factors: the experiences and character of the person before and after commitment to the TYC; the nature of the offense the person was found to have committed and the manner in which the offense was committed; the ability of the person to contribute to society; the protection of the victim of the offense or any member of the victim's family; the recommendations of the youth commission and prosecuting attorney; the best interests of the person; and other factors relevant to the issue to be decided. TEX. FAM. CODE. ANN. § 54.11(k) (Vernon 2002). A trial court

is not required to consider all of the factors, and it may consider other unlisted, but relevant, factors. *In re R.G.,* 994 S.W.2d at 312. In addition, the trial court may assign different weights to the factors. *Id.*

## DISCUSSION

In his sole issue, W.S.H. contends the trial court abused its discretion by transferring him from the TYC to the TDCJ. W.S.H. argues that the TYC representative, Cucolo, made a significant error when he incorrectly referred to W.S.H. as a sex offender during his testimony. Cucolo testified, "For sex offenders, when they're committed to the Texas Youth Commission we have a policy of evaluating youth periodically when they meet the criteria for release or for return to court." According to W.S.H., Cucolo's statement raises serious questions regarding whether Cucolo considered the wrong criteria in determining whether to transfer W.S.H. from the TYC to the TDCJ. We disagree.

At W.S.H.'s transfer hearing, Cucolo testified that W.S.H. met the criteria to be transferred to prison after spending eleven months at the TYC; however, the TYC decided to give W.S.H. a second chance to adjust and remediate. Cucolo testified that the TYC offered W.S.H. individual and group counseling, a dorm program, and three separate behavior management programs, but W.S.H. continued to exhibit aggressive and assaultive behavior. Cucolo testified that W.S.H. received more than 300 reported incidents of misconduct, and 285 of these incidents were classified as "real" incidents while another 177 of the some 300 reported incidents were classified as disruptions of the TYC program. W.S.H.'s misconduct included incidents involving aggressive misconduct, assaultive behavior, indecent exposure, and fleeing apprehension. Cucolo testified that after re-evaluating W.S.H., he and other TYC personnel characterized W.S.H. as chronically disruptive, failing to

progress in treatment, and threatening to the stability of the TYC community; therefore, the TYC recommended that W.S.H. should be transferred to TDCJ.

Although Cucolo recognized W.S.H.'s positive leadership qualities, Cucolo testified that W.S.H.'s leadership qualities tended to be more aggressive than helpful. Although W.S.H. was very polite and respectful to the staff on occasion, W.S.H. continued to display evidence of involvement in gang activity. According to Cucolo, the TYC staff offered W.S.H. several opportunities to comply with the TYC program, but W.S.H. continued to display aggressive behavior. In fact, several days before the hearing, W.S.H. had a tantrum and destroyed a DVD player and a television as well as threw a staff member's desk drawer and its contents on the floor.

The court also heard testimony from W.S.H., who testified in his own defense. W.S.H. testified that he was originally from New Orleans and moved to San Antonio after Hurricane Katrina in 2005. W.S.H. testified that despite his misconduct at the TYC, he felt that the TYC should give him another opportunity to change. W.S.H. testified that he displayed positive leadership qualities. For example, during a recent riot, he stated that he did not participate and convinced several of his peers to avoid becoming involved. W.S.H. also testified that he received a certificate in Keyboarding and that his behavior level was classified as "B3," the second highest level. Although W.S.H. admitted that he assaulted some of his peers, climbed on the roof, and disrupted classes, he testified that some of his referrals were "just regular write-ups." On cross-examination, W.S.H. denied his involvement in some of the reported incidents of misconduct, including exposing himself to a female staff member, but again admitted to threatening to beat up several staff members, punching his peers, and being disruptive in class.

After reviewing the record in light of the factors set forth in section 54.11(k) of the Texas Family Code, we cannot say the trial court abused its discretion in ordering W.S.H. to be transferred to the TDCJ for the remainder of his determinate sentence. The record indicates W.S.H. continued to display ongoing misconduct at the TYC despite the TYC's efforts to try and remediate the problematic behavior. Moreover, Cucolo recommended that W.S.H. be transferred to TDCJ after evaluating W.S.H. on two occasions. Cucolo also stated that W.S.H.'s transfer would be in the best interest of the TYC community. While Cucolo may have misspoke in referring to sex offenders, the record indicates that Cucolo was aware of W.S.H.'s aggressive and assaultive behavior at the TYC as well as the impact of W.S.H.'s behavior on the TYC community. Despite the evidence of W.S.H.'s leadership qualities, the record provides enough evidence to show W.S.H. met the criteria to be transferred to the TDCJ. *See In re J.M.O.*, 980 S.W.2d at 813.

## CONCLUSION

The judgment of the trial court is affirmed.


Marialyn Barnard, Justice