



# MEMORANDUM OPINION

No. 04-08-00747-CV

## IN THE MATTER OF W.R., Jr.,

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-JUV-02069
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  June 24, 2009

AFFIRMED

This is an appeal from a juvenile court order transferring Appellant W.R. from the Texas Youth Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his seven-year determinate sentence.  In his sole issue, W.R. contends the trial court abused its discretion in ordering the transfer.  We affirm the trial court's order.

## FACTUAL BACKGROUND

On October 25, 2004, W.R., a juvenile, pled true to one count of aggravated robbery and was committed to TYC for a determinate sentence of seven years. On September 26, 2008, the trial court conducted a hearing based on the request that W.R. be transferred from TYC to TDCJ. At the hearing, TYC Court Liaison Leonard Cucolo testified that W.R. met TYC criteria to be transferred to TDCJ to complete the remaining three years of his sentence. The trial court took judicial notice of Cucolo's summary report which formed the basis for his recommendation that W.R. be transferred. Cucolo testified that while at TYC, W.R. failed to participate in the recommended treatment programs. In W.R.'s defense, Cucolo acknowledged that W.R. performed very well academically at TYC, received multiple certificates in vocational classes, and obtained his GED. Cucolo concluded, however, that he felt that W.R. was a clear danger to the welfare of the community and should be transferred to TDCJ.

After the State rested, W.R. testified in his own defense about his behavior at TYC and his participation in the armed robbery. Following arguments of counsel, the trial court entered an order transferring W.R. to TDCJ to complete the balance of his seven-year sentence.[1]

## STANDARD OF REVIEW

We review a trial court's decision to transfer a juvenile from TYC to TDCJ under an abuse of discretion standard. *In re J.M.O.*, 980 S.W.2d 811, 812-13 (Tex. App.—San Antonio 1998, pet. denied); *In re R.G.*, 994 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). We must review "the entire record to determine if the trial court acted [in an arbitrary manner] without reference to guiding rules [of law]." *In re J.M.O.*, 980 S.W.2d at 813. We may not, however, reverse a trial court's decision for abuse of discretion simply because we disagree

---

[1] Had the trial court ordered W.R. returned to TYC, W.R. would have been released no later than his twenty-first birthday, October 31, 2008.

with the trial court's decision. *See In re R.G.*, 994 S.W.2d at 312. So long as "some evidence exists to support the trial court's decision," the trial court has not abused its discretion. *In re J.M.O.*, 980 S.W.2d at 813; *accord In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied) (stating that an appellate court reviews the entire record and reverses only "if the trial court acted without reference to guiding rules and principles" and no evidence supports the court's decision).

### TRANSFER FROM TYC TO TDCJ

Section 54.11(k) of the Texas Family Code outlines the procedure for transferring a juvenile serving a determinate sentence from TYC to TDCJ. TEX. FAM. CODE ANN. § 54.11(k) (Vernon 2008). Under section 54.11(k), the trial court may consider the following factors:

> the experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

*Id.* "Evidence of each factor is not required, and the trial judge need not consider every factor in making his decision." *In re J.L.C.*, 160 S.W.3d 312, 313-14 (Tex. App.—Dallas 2005, no pet.); *accord In re R.G.*, 994 S.W.2d at 312. The trial court may assign different weights to the factors it considers, and it may consider other unlisted, but relevant, factors. *In re J.L.C.*, 160 S.W.3d at 314; *In re R.G.*, 994 S.W.2d at 312. Additionally, the court may consider the written reports from and hear live testimony of TYC employees and professional consultants. TEX. FAM. CODE ANN. § 54.11(d) (Vernon 2009).

In his sole issue on appeal, W.R. contends the trial court abused its discretion by transferring him from TYC to TDCJ. W.R. contends that although he experienced behavior infractions at TYC, his academic record was a positive factor to consider. W.R. contends his

failure to complete counseling was a result of TYC's refusal to provide the necessary individualized counseling. We disagree.

**A. Testimony Before the Trial Court**

At the transfer hearing, the trial court heard testimony from Cucolo, W.R., and W.R.'s mother. Cucolo testified that W.R. met the criteria to be transferred to TDCJ after completing almost four years at TYC. Cucolo further explained that W.R., along with other juveniles with the greatest need, was recommended for placement in specialized treatment programs, specifically the Chemical Dependency Treatment Program and the Capital and Serious Violent Offender Treatment Program that would facilitate his release. *See* 37 TEX. ADMIN. CODE § 85.51(15)(B), (C). However, W.R. did not successfully complete the programs. Although TYC offered W.R. group counseling and behavior management programs, Cucolo testified, as did W.R., that W.R. refused to participate in group counseling, instead demanding individual counseling that was unavailable. Furthermore, TYC records revealed W.R.'s continued exhibition of aggressive and assaultive behavior, including 122 documented incidents, comprised of fifty-four acts which required W.R. be placed in security and eleven Category I (the most serious) violations. Finally, Cucolo testified that W.R. not only tattooed another student at TYC, but that he participated in two riots, the last of which resulted in felony criminal mischief and arson charges.

Although W.R. achieved academic success, Cucolo described his overall behavior at TYC as "poor." He further testified that he personally informed W.R. of the Family Code provision permitting the referral of juveniles to TDCJ for failure to comply with treatment expectations or continued aggressive behavior. During his testimony, W.R. acknowledged both receiving and understanding these instructions, but tried to explain away his continued disruptive

and assaultive behaviors. Based on the testimony, TYC recommended that W.R. be transferred to TDCJ for the welfare of the community.

## B. Analysis

The underlying offense for which W.R. was sentenced to TYC was extremely violent. By his own testimony, W.R. assaulted a store owner with a crow bar, took the store owner's identification, and threatened the store owner with reprisal if he snitched on W.R. Additionally, W.R.'s prior juvenile record includes adjudications for delinquent conduct and probations for burglary of a building, possession of marijuana, and assault on a public servant.

The record shows that despite TYC's efforts to assist W.R. with his problematic behavior, W.R. continued to display ongoing misconduct at TYC, including aggressive and assaultive behavior within the TYC community. Despite the evidence of W.R's growth academically, after reviewing the record in light of the factors set forth in section 54.11(k) of the Texas Family Code, there is clearly some evidence to support the transfer. *See In re R.G.*, 994 S.W.2d at 312-13. Thus, we cannot say the trial court abused its discretion in ordering W.R.'s transfer to TDCJ for the remainder of his determinate sentence. *See In re J.M.O.*, 980 S.W.2d at 813. Accordingly, the order of the trial court is affirmed.

Rebecca Simmons, Justice