

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00268-CV

## IN THE MATTER OF A.G., A JUVENILE

**From the 77th District Court
Limestone County, Texas
Trial Court No. J-758-A**

## MEMORANDUM OPINION

A.G. appeals from the trial court's Dispositional Order of Transfer to the Institutional Division of the Texas Department of Criminal Justice. We affirm.

### Background Facts

On May 22, 2014, A.G. was found to have engaged in delinquent conduct by committing the offense of indecency with a child and aggravated sexual assault of a child. A.G. was placed on probation for ten years on a determinate sentence. On July 21, 2015, the trial court modified A.G's disposition and committed him to the Texas Juvenile Justice Department for a determinate term of ten years with the possibility of transfer to the Texas Department of Criminal Justice on his nineteenth birthday. On July 18, 2016, the

trial court held a release or transfer hearing pursuant to Section 54.11 of the Texas Family Code. TEX. FAM. CODE ANN. § 54.11 (West Supp. 2016). The trial court signed an order that A.G. be transferred to the care, custody, and control of the Institutional Division of the Texas Department of Criminal Justice to serve the remainder of his ten year sentence.

## Transfer to TDCJ

A.G. argues in the sole issue on appeal that the trial court did not provide sufficient reasoning as to why it ordered the transfer of A.G. from TJJD to TDCJ. We review the juvenile court's decision to transfer a juvenile from TJJD to TDCJ for abuse of discretion. *In re J.J.*, 276 S.W.3d 171, 178 (Tex.App.-Austin 2008, pet. den'd.); *In re F.D.*, 245 S.W.3d 110, 113 (Tex.App.-Dallas 2008, no pet.). In deciding whether the juvenile court abused its discretion, we review the entire record to determine if the court acted without reference to any guiding rules or principles. *In re J.J.*, 276 S.W.3d at 178. If "some evidence" exists to support the juvenile court's decision, there is no abuse of discretion. *Id.*

A.G. states that his "appeal deals not with whether the district court abused its discretion in ordering the transfer of A.G. to the Texas Department of Criminal Justice, Institutional Division." A.G. contends that the trial court's findings are insufficient for this Court to adequately review the transfer order. A.G. does not "question the applicability of the abuse of discretion standard to this matter," but urges this Court to apply an "abuse of guided discretion" analysis.

The Texarkana Court of Appeals rejected the "abuse of guided discretion" review in *In the Matter of M.C.*, 502 S.W.3d 852, 858 (Tex.App. – Texarkana 2016, pet. den'd.). The Texarkana Court of Appeals further rejected the argument that the abuse of discretion standard violated M.C.'s due process rights. *In the Matter of M.C.*, 502 S.W.3d at 857-858. We agree with the Texarkana Court of Appeals and decline to adopt the "abuse of guided discretion" standard.

A.G. was initially found to have engaged in delinquent conduct by committing the offense of indecency with a child and aggravated sexual assault of a child. A.G. was placed on probation, but was later committed to the TJJD after violating the conditions of his probation. At the transfer hearing, Tammy Coy, a liaison between TJJD and TDCJ, testified that A.G. progressed through Stages 1 and 2 of his Sexual Behavior Treatment Program (SBTP), but made no further progression through the program. Based upon A.G.'s records, Coy recommended to David Riley, Executive Director of TJJD, that A.G. be transferred to TDCJ. Riley ordered that A.G. continue in SBTP before he made a final recommendation. A.G. still did not progress in his SBTP; however, Riley recommended that A.G. be paroled. Riley did not testify at the transfer hearing. Despite the recommendation of the executive director, Coy testified at the transfer hearing that in her opinion, A.G. should be transferred to TDCJ.

Desiree Welsh, a SBTP therapist at TJJD testified at the hearing that A.G. quit participating in treatment and did not complete treatment. Welsh further testified that

A.G. had trouble accepting criticism from his peers and that he got angry in group sessions. Welsh stated that in a group session A.G. got an erection when talking about his victims. Welsh testified that A.G. gave his sister's phone number to another sex offender at TJJD who then made unwanted phone calls to A.G.'s sister. A.G. was very open with Welsh about his issues with pornography, and he told Welsh that he felt more gratified looking at child pornography. A.G. indicated to Welsh that he feared he would re-offend. A.G. was asked to write a letter explaining why he should not have to register as a sex offender. A.G.'s entire letter consisted of his desire to go home and take care of his young cousin. A.G. said he wanted to take care of his cousin and love his cousin. Welsh testified that she was "very shocked" the executive director recommended parole for A.G. because there were so many concerns. In her personal opinion, Welsh recommended transfer to TDCJ.

Section 54.11 (k) of the Texas Family Code provides:

In making a determination under this section, the court may consider the experiences and character of the person before and after commitment to the Texas Juvenile Justice Department or post-adjudication secure correctional facility, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the Texas Juvenile Justice Department, county juvenile board, local juvenile probation department, and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

TEX. FAM. CODE. ANN. 54.11 (k) (West Supp. 2016).  In its order, the trial court stated that it considered the pleadings, the evidence at the hearing, the argument of counsel, the recommendations of the Texas Juvenile Justice Department, and other factors pursuant to Section 54.11.  The trial court stated at the transfer hearing that he considered the testimony of the TJJD employees who worked with A.G. and appreciated their honesty while disagreeing with the executive director.  In the order, the trial court states that A.G. is still in need of rehabilitation and the welfare of the community requires the transfer.

The record and the trial court's findings and conclusions were sufficient to allow us to conduct our review and reach the conclusion that the trial court did not abuse its discretion in rendering its judgment. *In the Matter of M.C.*, 502 S.W.3d at 856. We overrule the sole issue on appeal.

### Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed April 19, 2017
 [CV06]

