**Frances Sandra WILLINGHAM, Appellant,**

v.

**FARMERS NEW WORLD LIFE INSURANCE COMPANY, Appellee.**

**No. 6615.**

Court of Civil Appeals of Texas, El Paso.

Feb. 8, 1978.

Russell M. Aboud, Michael L. Aaronson, El Paso, for appellant.

Grambling, Mounce, Sims, Hardie, Galatzan & Harris, John A. Grambling, Sam Sparks, H. Keith Myers, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a suit upon an alleged contract of life insurance based upon an application for a policy of life insurance, a conditional receipt, and the payment of the first month's premium. Questions on appeal involve notice and the sufficiency of the evidence to support the summary judgment for the Defendant. We affirm the judgment of the trial Court.

Appellant first asserts that the trial Court erred in granting summary judgment because she did not have notice of the hearing. We overrule this contention because the judgment of the trial Court recites fully the facts of notice of the hearing for summary judgment, and there is nothing in the record, nor has the Appellant offered anything, to controvert these recitations in the judgment. Such recitations of notice, then, are binding. *Farmers and Stockmens' Bank of Clayton v. White*, 434 S.W.2d 143 (Tex.Civ.App.—Amarillo 1968, no writ); *Kirkman v. Alexander*, 280 S.W.2d 365 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.); *Miller v. Permenter*, 234 S.W.2d 459 (Tex.Civ.App.—Galveston 1950, writ ref'd n. r. e.).

In support of Appellee's motion for summary judgment was an affidavit of the agent who took the application, and attached to that affidavit and referred to therein was the original of the application for insurance and what was described as a Xerox copy of the conditional receipt. Appellant contends that Xerox copy did not meet the standards of Rule 166–A(e), Tex. R.Civ.P., because such conditional receipt was not a sworn or certified copy within the meaning of the Rule. We overrule this contention for the reason that the objection was not raised prior to the hearing on the motion for summary judgment, but rather it was raised for the first time on motion for new trial; and for the further reason that the conditional receipt was a "sworn or certified" copy within the meaning of the Rule, and additionally it was proved up by the deposition of Appellant herself. An objection of this kind as to the form of the affidavit or its attachments cannot be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Maberry v. Julian*, 479 S.W.2d 770 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Hall v. Fowler*, 389 S.W.2d 730 (Tex.Civ.App.—Dallas 1965, no writ); *P. T. Poultry Growers, Inc. v. Darr Equipment Company*, 537 S.W.2d 773 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). In an opinion not yet published, the Dallas Court of Civil Appeals has held that the objection cannot be raised for the first time on motion for new trial. *Jones v. McSpedden*, No. 19336, December 8, 1977.

That portion of Rule 166–A(e) relied on by Appellant provides:

"  *   *   *   Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.   *   *   *"

The affidavit in this case provided: "Mr. Willingham was given a conditional receipt and attached to this Affidavit and marked as Exhibit B is a xerox copy of the conditional receipt given to him." We are of the opinion that this meets the requirement of the Rule as being a "sworn or certified" exhibit. The Tyler Court of Civil Appeals has recently so held where similar language in the affidavit was employed. *Broaddus v. Town North National Bank*, 558 S.W.2d 909 (1977, no writ). Appellant's deposition is before us, and when it was taken, her attor-

ney produced a Xerox copy of the conditional receipt in question and she testified that it was a "true and correct copy of the original," which was in her attorney's possession.

The application for insurance provided that a medical examination should be completed by a Dr. Curtis Lyman. The conditional receipt provided: "No insurance is provided under the terms of the receipt unless all of its conditions have been satisfied." One of the terms was: "If all medical examinations required by the Company have been completed * * *." Dr. Lyman's question and answer deposition is unequivocal that the applicant was never given a physical examination by him. Appellant urges that the testimony of Dr. Lyman is that of an interested witness and it cannot be considered as doing more than raising an issue of fact. This is so, unless the testimony of the interested witness is clear, direct, and positive with no circumstances in the evidence tending to impeach or discredit such testimony. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.1965). We view the testimony of Dr. Lyman as being clear, direct and positive, and there are no circumstances in the record to impeach or discredit it. Additionally, we are of the opinion that the record does not show that Dr. Lyman is such an interested witness as to come within the above announced Rule. The application says to use Company appointed examiners only, and the Doctor's testimony is that he is authorized to examine for this Company. The agent's affidavit recites that he gave the applicant a draft with which to pay Dr. Lyman for the examination. We doubt that this set of facts makes him an "interested witness," and for that reason and for the further reason that his testimony was clear, direct and positive, we overrule the point of error.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.