**In the Matter of E.V., A Juvenile.**

No. 08–04–00364–CV.

Court of Appeals of Texas, El Paso.

Feb. 2, 2006.

Rehearing Overruled March 1, 2006.

Matthew DeKoatz, El Paso, for appellant.

Jose R. Rodriguez, Co. Atty., El Paso, for State.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

Appellant E.V. appeals from the trial court's decision to transfer him to the Institutional Division of the Texas Department of Criminal Justice for completion of his thirty-year determinate sentence. Appellant advances two issues: (1) the Texas determinate transfer procedure is unconstitutional both on it's face and as applied in his case; and (2) the trial court erred by failing to provide notice to Appellant's mother. We affirm.

### FACTUAL SUMMARY

Appellant E.V. is a citizen of Mexico. He was first detained while in the United States in connection with the unlawful carrying of a club in violation of Texas law. The State dismissed this indictment in De-

cember of 1998. On the same day as the dismissal, the State filed an amended petition alleging that Appellant had intentionally fled from law enforcement officials who were attempting to detain him in connection with another matter. The State subsequently filed a motion to dismiss and the trial court granted the motion.

In October of 2000, the State filed a petition against E.V. for murder. A hearing was set for early November of 2000. Prior to the scheduled hearing, the State filed a second amended petition alleging attempted murder, breaking into a vehicle, and destroying and/or damaging property. The State sought a determinate sentence and the grand jury approved on four counts: (1) murder; (2) attempted murder; (3) burglary of a vehicle; and (4) criminal mischief. A pretrial hearing was set and all parties were ordered to appear. On motion by counsel, Appellant underwent a psychological evaluation. After a hearing, the trial court found that E.V. was fit to proceed to trial. In February of 2001, pursuant to a plea agreement, Appellant was adjudicated delinquent and received a thirty-year determinate sentence to be served at the Texas Youth Commission with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice.

In September of 2004, the Texas Youth Commission sent a letter to the trial court requesting that a hearing be conducted to determine whether or not Appellant should be transferred to the Institutional Division of the Texas Department of Criminal Justice. The trial court set a date for the transfer hearing and ordered all parties, both Appellant and parents, to attend.

## DISCUSSION

■ In Issue One, Appellant argues that the Texas Family Code section 54.11 is both unconstitutional on its face and as applied to him. Appellant argues that the court's decision to transfer him to the Institutional Division of the Texas Department of Criminal Justice is actually a sentence enhancement. He relies on *Apprendi v. New Jersey,* 530 U.S. 466, 494 n. 19, 120 S.Ct. 2348, 2365 n. 19, 147 L.Ed.2d 435 (2000) for the proposition that as a sentence enhancement, the factors enumerated under the Texas Family Code must be found by a jury beyond a reasonable doubt to withstand constitutional scrutiny.

■ When this Court reviews the constitutionality of a statute, we presume that the statute is valid and that the Legislature acted reasonably, not arbitrarily, in enacting the statute. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App.2002). The individual challenging the statute bears the burden of proving it is unconstitutional. *Id.* Further, we must uphold the statute if there is a reasonable construction which will render the statute constitutional and carry out the legislative intent. *Ex parte Flores,* 130 S.W.3d 100, 106 (Tex.App.-El Paso 2003, pet. ref'd), *citing Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979).

In order to review an attack on the constitutionality of a statute "as applied," the individual challenging the statute must have raised the issue in the trial court by timely request, objection, or motion stating the grounds for the ruling the complaining party desired with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a)(1); *Curry v. State,* 910 S.W.2d 490, 496 (Tex.Crim.App. 1995); *Ex parte Flores,* 130 S.W.3d at 106. Here, the record does not indicate Appellant presented this specific complaint to the trial court. Accordingly, we find that Appellant has failed to preserve this issue for appellate review. Thus, we need not

consider whether the statute was unconstitutional as applied to him.

■ Appellant, by supplemental letter, also argues that TEX.FAM.CODE ANN. § 54.11 (Vernon Supp.2005) is unconstitutional on its face. A facial constitutional challenge to a statute may be raised for the first time on appeal. *Ex parte Flores,* 130 S.W.3d at 106. A facial challenge is very difficult because the challenger must establish that no set of circumstances exists under which the statute would be valid. *Ex parte Flores,* 130 S.W.3d at 106. Appellant submitted a one page supplement stating "Appellant attacks Section 54.11 of the Texas Family Code and claims it is unconstitutional on its face for the reasons stated in Appellant's brief." Appellant fails to accompany his argument with any substantive analysis or citation to legal authority or the record. When a party raises a point of error without citation of authorities or argument, nothing is presented for appellate review. *State v. Gonzalez,* 855 S.W.2d 692, 697 (Tex.Crim. App.1993). Thus, the issue was improperly briefed and is waived. Issue One is overruled.

■ In Issue Two, Appellant argues that the transfer proceeding was unlawful because Appellant's mother was not notified in accordance with TEX.FAM.CODE ANN. § 54.11. Section 54.11(b)(2) requires that notice of the transfer hearing be given to, among others, the parents of the individual to be transferred. *See* TEX.FAM.CODE ANN. § 54.11(b)(2). During the hearing, the following exchange took place between the trial court, Appellant and trial counsel:

The Court: Are you in contact with your parents?

Appellant: Yes, sir.

The Court: Where are they?

Appellant: My mother is in Mexico and my grandmother is here in El Paso.

The Court: How about your father?

Appellant: I don't got no father, sir.

The Court: They had intentions of being here, do you know?

Trial Counsel: His uncle is here, Your Honor. That is him walking in the door.

We note that during the proceedings, counsel failed to object to a defect in notice during the hearing or to otherwise direct the trial court's attention to a defect in notice as to Appellant's mother.

■ Assuming, *arguendo,* this issue was properly preserved, the order transferring Appellant to the Institutional Division of the Texas Department of Criminal Justice recited that "after due notice had been issued on all parties as requested by Section 54.11(b) and (d) Texas Family Code...." We may presume the regularity of recitations like this in judgments. *See Breazeale v. State,* 683 S.W.2d 446, 450–51 (Tex.Crim.App.1985)(Op. on reh'g); *In re B.D.,* 16 S.W.3d 77, 80 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). However, we will only presume this regularity where the record is absent any controverting material. *Casillas v. State Office of Risk Management,* 146 S.W.3d 735, 738 (Tex.App.-El Paso 2004, no pet.), *citing Gen. Elec. Capital Assurance Co. v. Jackson,* 135 S.W.3d 849, 853 (Tex.App.-Houston [1st Dist.] 2004, pet. denied). If the record supports a court's finding, as set forth in a judgment or order, that all parties were notified, notice will be deemed adequate. *See In re R.G.,* 994 S.W.2d 309, 311–12 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Although the issue in *R.G.* concerned notice to the appellant, we think the reasoning is applicable to situations in which an appellant alleges that notice to other parties, as required by the same statute, was insufficient.

Here, the Texas Youth Commission sent a letter to the trial court requesting a transfer hearing and counsel was appointed to represent Appellant. Prior to that hearing, private counsel was retained for Appellant. Counsel informed the trial court that he knew Appellant's mother, aunt, and uncle. Appellant's uncle actually attended the hearing. The only controverting evidence in this case was the absence of Appellant's parents at the hearing. However, Appellant's uncle did attend the hearing, presumably because his parents could not. Based on the foregoing, we think the record sufficiently supports the recitation in the court's order that notice was served on the parties as required by statute. Therefore, Issue Two is overruled.

Having addressed each of Appellant's issues, we affirm the judgment of the trial court.