COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-10-00188-CV |
| | § | |
| IN THE MATTER OF J.A.R., | § | Appeal from |
| | § | |
| A JUVENILE. | § | 289th District Court |
| | § | |
| | § | of Bexar County, Texas |
| | § | |
| | § | (TC # 2008-JUV-00656) |
| | § | |

## O P I N I O N

J.A.R., a juvenile, appeals from an order transferring him from the Texas Youth Commission to the Texas Department of Criminal Justice to complete a determinate sentence of ten years. We affirm.

### FACTUAL SUMMARY

In 2008, the State filed a petition seeking a determinate sentence based on an allegation Appellant engaged in delinquent conduct by committing the offense of indecency with a child. A grand jury approved the petition. *See* TEX.FAM.CODE ANN. § 53.045(a)(12)(West 2008). Appellant subsequently waived his right to a jury trial and entered a plea of true pursuant to a plea bargain. The trial court entered an order of adjudication and committed Appellant to TYC for a determinate sentence of ten years. On March 19, 2010, TYC requested that the trial court conduct a release/transfer hearing pursuant to Section 54.11 of the Texas Family Code. *See* TEX.FAM.CODE ANN. § 54.11 (West Supp. 2010). Following the hearing, the court entered an order transferring Appellant from TYC to TDCJ to serve the remainder of his determinate sentence.

### TRANSFER ORDER

In his sole issue on appeal, Appellant contends that the trial court abused its discretion by entering the transfer order. He argues that the welfare of the community would be better served if he were paroled because he could be afforded better psychiatric care and he would have an opportunity to complete a sex offender treatment program.

## Standard of Review

A trial court's decision to transfer a juvenile from TYC to TDCJ is reviewed for an abuse of discretion. *In re D.L.*, 198 S.W.3d 228, 229 (Tex.App.--San Antonio 2006, pet. denied). The appellate court must consider the entire record to ascertain whether the trial court acted without reference to guiding rules and principles. *Id*. If the trial court's decision is supported by some evidence, there is no abuse of discretion. *In re J.M.O.*, 980 S.W.2d 811, 813 (Tex.App.--San Antonio 1998, pet. denied); *In re R.G.*, 994 S.W.2d 309, 312 (Tex.App.--Houston [1st Dist.] 1999, pet. denied). The appellate court may not reverse the trial court's decision for abuse of discretion simply because it disagrees with the decision. *In re R.G.*, 994 S.W.2d at 312.

## Applicable Law

When a juvenile is given a determinate sentence and TYC makes a request to transfer the juvenile to TDCJ, the trial court is required to hold a hearing. *See* TEX.FAM.CODE ANN. § 54.11; *see also* TEX.HUM.RES.CODE ANN. § 61.079(a)(West Pamphlet 2010). The Family Code permits the trial court to consider written reports from probation officers, professional court employees, professional consultants, or employees of the TYC employees, in addition to testimony of witnesses. TEX.FAM.CODE ANN. § 54.11(d). The trial court is authorized to (1) order the return of the juvenile to TYC or (2) order the transfer of the juvenile to the custody of TDCJ for completion of his sentence. TEX.FAM.CODE ANN. § 54.11(I).

In determining whether a juvenile should be transferred from TYC to TDCJ, the trial court

may consider:

> [T]he experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

TEX.FAM.CODE ANN. § 54.11(k)(West 2008). The trial court need not consider every factor, and evidence of each factor is not required. *In re J.L.C.*, 160 S.W.3d 312, 313-14 (Tex.App.--Dallas 2005, no pet.); *In re R.G.*, 994 S.W.2d at 312. Additionally, the trial court may assign different weights to the factors that it considers, and it may consider other relevant factors not listed in the statute. *In re J.L.C.*, 160 S.W.3d at 314; *In re R.G.*, 994 S.W.2d at 312.

### The Evidence

According to the stipulated facts presented at the adjudication hearing, Appellant, who was fifteen years of age at the time of the offense, invited the seven-year-old complainant to his house to play with his younger sister. When the complainant arrived, Appellant told her that his sister was playing hide-and-seek so the complainant went to look for her. Appellant followed her into a bathroom where he used duct tape to tie her hands behind her back and forced her into his bedroom. Appellant pulled her shirt over her head so she could not see and removed her shoes and pants. He then touched her genitals. The complainant heard a zipper and she felt something warm touch her between her legs. She asked Appellant to stop and said she wanted to go home. Appellant stopped and the complainant put her clothes back on before going home and reporting to her parents what had happened.

Dr. Steven Brownlow, a psychologist employed by the Texas Youth Commission, testified at the hearing and submitted a written report regarding his assessment of whether Appellant should

be transferred to TDCJ or paroled. While at TYC, Appellant had eighty-three documented instances of misbehavior and of those, twenty involved major rules violations. Appellant's misconduct resulted in at least forty-seven[1] referrals to the security unit. The violations included nine assaults of youth causing injuries, five assaults of youth not causing injuries, two assaults of staff not causing injuries, three assaults by threat, and twenty-two instances of creating situations dangerous to others. Dr. Brownlow testified that Appellant had committed additional assaults after his report had been completed.

TYC provided Appellant, who had been diagnosed with attention deficit/hyperactivity disorder (ADHD) and bipolar disorder, with psychiatric care as well as psychological and sexual offender treatment. Appellant failed to complete the sexual offender program. Appellant also participated in various treatment programs aimed at addressing his issues with aggressiveness and impulsive behavior issues but none of them resulted in lasting changes. According to Dr. Brownlow, Appellant had been provided with the maximum amount of services offered by TYC.

As part of the assessment, Dr. Brownlow interviewed Appellant and administered a test known as the Minnesota Multiphasic Personality Inventory (MMPI-2). He also utilized the Juvenile Sex Offender Protocol II (J-SOAP-II) and the Structured Assessment of Violent Risk in Youth (SAVRY). The MMPI results suggested that Appellant's behavior is antisocial, immature, rebellious, and self-centered. Dr. Brownlow concluded that despite many interventions designed to assist attitudinal and behavioral change, Appellant continued to disrupt the facility and assault others. Appellant showed some remorse for the indecency with a child offense but it was related more to the consequences he had endured than any empathy for the victim. Dr. Brownlow noted that

---

[1] Dr. Brownlow's written report reflected there were seventy-four referrals to the security unit. Another witness testified there were forty-seven referrals to the security unit. It is unclear which figure is accurate.

Appellant showed little remorse for his assaultive behavior and he tended to minimize his behavior or blame others for it. Given that Appellant had a difficult time controlling his assaultive behavior in the highly controlled and structured environment of TYC, Dr. Brownlow believed that there would be an even greater risk of assaultive behavior if Appellant were released into a less structured environment. Dr. Brownlow concluded that Appellant presented a continuing danger to the community and recommended transfer to TDCJ.

TYC court liaison Leonard Cucolo also testified at the transfer hearing and recommended that Appellant be transferred to TDCJ to complete his sentence. Cucolo explained that TYC had attempted to address Appellant's behavioral issues with a behavior management program and a redirect program designed to address aggressive misconduct. The latter program is the most intensive behavior program available in TYC. While Appellant had met with some success at TYC, Cucolo believed that his failures and risk factors were too significant to recommend release into the community.

Dr. Brian Skop, a general and forensic psychiatrist, testified as an expert on behalf of Appellant. Dr. Skop believed Appellant had not been given a sufficient dosage of the medication prescribed for bipolar disorder while at TYC. Noting that impulsive behavior is a characteristic of bipolar disorder, Dr. Skop believed this disorder contributed to Appellant's assaultive behavior and helped explain his failure to complete his treatment programs at TYC. In his opinion, Appellant would have a greater chance to succeed if he were paroled because he could receive better psychiatric care and he could participate in a sex offender rehabilitation program. Dr. Skop agreed with Dr. Brownlow that Appellant's main risk for recidivism would be assaultive behavior.

Appellant's mother, K.R., testified at the hearing. Appellant began receiving psychiatric care at three years of age due to problems with impulse control. After assaulting other students in school,

Appellant's family placed him in a special school where he generally made good grades. Appellant transitioned to a mainstream middle school/high school but he continued to have a special education behavior management class. Appellant successfully completed juvenile probation for an assault. According to K.R., Appellant had difficulties with his medications while at TYC. At one point, he was taken off of the medication which specifically treats bipolar disorder. In 2009, she initiated a meeting with TYC to address the inadequacy of his treatment. Although TYC agreed to make a number of changes, none of those changes was made. K.R. testified that if Appellant were paroled, he would reside with his maternal grandmother and another family member would make sure he attended all of his appointments. The family would also ensure that Appellant received adequate psychiatric care. In support of his request for release, Appellant also presented evidence that the victim's family did not oppose parole.

*Analysis*

The trial court heard evidence relevant to several of the Section 54.11(k) factors. The first factor concerns the experiences and character of Appellant before and after commitment to TYC. There is substantial evidence in the record regarding Appellant's psychiatric and behavioral issues both before and after his commitment to TYC. Appellant argues that if released, he would receive adequate psychiatric care as opposed to the deficient care he received at TYC and he could participate in an intensive sexual offender program while on parole. The record reflects that Appellant has had problems with impulse control and aggressive behavior for most of his life. In his twenty-three months at TYC, Appellant repeatedly engaged in aggressive behavior despite TYC's efforts to intervene and its treatment programs. Appellant suggests that his problems at TYC were caused by inadequate psychiatric care. There is conflicting evidence regarding the psychiatric care Appellant received at TYC but the record also reflects that Appellant had problems with impulse

control and aggressive behavior before he went to TYC.

The second factor pertains to the nature of the penal offense and the manner in which the offense was committed. Appellant committed the offense of indecency with a child against a seven-year-old neighbor and there is evidence that he engaged in planning and deception in committing the offense.

The third factor raised by the evidence is the protection of the victim of the offense or any member of the victim's family. Appellant argues that there is evidence the victim did not require protection because the victim's family did not oppose his release. While the wishes of the victim's family is relevant, it is not dispositive of the issue because the evidence showed that Appellant had engaged in aggressive and impulsive behavior throughout his stay at TYC. Further, Appellant had failed to complete the sex offender treatment program.

Finally, both Dr. Brownlow and Cucolo recommended that Appellant be transferred to TDCJ because of the risk that Appellant would continue to engage in assaultive conduct. Dr. Brownlow believed that the risk could be minimized by placing Appellant in a structured environment rather than releasing him into an unstructured one.

We conclude that there is some evidence supporting the trial court's decision to transfer Appellant from TYC to TDCJ to serve the remainder of his determinate sentence. Therefore, the trial court did not abuse its discretion. *See In re J.L.C.*, 160 S.W.3d at 313(trial court did not abuse its discretion in transferring juvenile from TYC to TDCJ; juvenile engaged in numerous incidents of misconduct while with TYC, there was testimony that juvenile had high risk of reoffending, TYC recommended transfer, and, while juvenile challenged evidence, trial judge was free to accept or reject juvenile's testimony). We overrule Appellant's sole issue on appeal and affirm the judgment of the trial court.

February 28, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.