



## MEMORANDUM OPINION

No. 04-11-00379-CV

### IN THE MATTER OF J.L.P.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-00537
Judge Carmen Kelsey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  December 21, 2011

AFFIRMED

When he was a minor, J.L.P. pleaded guilty to the aggravated sexual assault of a child under fourteen and received a ten-year determinate sentence. In a "transfer or release" hearing, the trial court ordered J.L.P. transferred to the Texas Department of Criminal Justice (TDCJ) to complete his sentence. In his sole issue on appeal, J.L.P. argues the trial court abused its discretion by failing to release him on adult parole. We affirm the trial court's order.

### BACKGROUND

J.L.P. was charged in February 2008 with the aggravated sexual assault of a child under fourteen. J.L.P. was fifteen years old at the time; the victim was ten years old. J.L.P. accepted a plea bargain and was placed on probation in the custody of the Chief Juvenile Probation Officer

of Bexar County for a ten-year determinate sentence. Because J.L.P. violated the terms of his probation, his sentence was modified to confinement at the Texas Youth Commission (TYC) on the ten-year determinate sentence.

In April 2011, TYC requested a transfer hearing because J.L.P. would not complete a mandatory three-year-minimum confinement prior to his nineteenth birthday. Collectively, TYC formally recommended J.L.P. be released on parole; however, TYC officials Leonard Cucolo and Tom Little recommended that J.L.P. be transferred to the TDCJ. After hearing several witnesses, the court ordered J.L.P. transferred to the TDCJ.

### THE COURT'S ORDER TO TRANSFER J.L.P.

In his sole issue on appeal, J.L.P. contends the trial court's decision to transfer him to TDCJ was unreasonable, arbitrary, and without reference to guiding principles.

### A.  Standard of Review

We review a trial court's decision to transfer a juvenile from TYC to TDCJ for an abuse of discretion. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—San Antonio 2006, pet. denied); *In re J.M.O.*, 980 S.W.2d 811, 812–13 (Tex. App.—San Antonio 1998, pet. denied). In determining whether the trial court abused its discretion, we examine the record in its entirety. *In re D.L.*, 198 S.W.3d at 229; *see also Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). A trial court abuses its discretion "when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles." *Mercedes-Benz*, 925 S.W.2d at 666. There is no abuse of discretion if there is some evidence to support the juvenile court judge's decision to transfer or release. *In re D.L.*, 198 S.W.3d at 229; *In re J.M.O.*, 980 S.W.2d at 813.

**B.  Analysis**

The Texas Family Code and the Texas Human Resources Code set forth the procedures for the transfer or release of a juvenile from TYC.  TEX. FAM. CODE ANN. § 54.11(k) (West Supp. 2010), *amended by* Act of May 19, 2011, 82d Leg., R.S., ch. 85, § 3.007, 2011 Tex. Sess. Law Serv. 438;[1] Act of May 19, 2011, 82d Leg., R.S., ch. 85, § 1.007, 2011 Tex. Sess. Law Serv. 420 (codified as amended at TEX. HUM. RES. CODE ANN. § 245.051) (redesignating and amending former Texas Human Resource Code section 61.081); *In re D.L.*, 198 S.W.3d at 229–30.  In making the decision to transfer or release,

> the court may consider the experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

TEX. FAM. CODE ANN. § 54.11(k) (West Supp. 2010); *In re J.M.O.*, 980 S.W.2d at 812 n.1; *In re H.V.R.*, 974 S.W.2d 213, 216 (Tex. App.—San Antonio 1998, no pet.).

We begin our analysis by considering the first, third, and fifth factors provided in section 54.11(k)—J.L.P.'s experiences and character after his commitment to TYC, the abilities of J.L.P. to contribute to society, and the recommendations by the prosecutor and Leonard Cucolo, TYC's court liaison.  Cucolo testified that during J.L.P.'s twenty-five month stay at TYC, J.L.P. was involved in 168 documented incidents of misconduct, was placed in the security unit thirty-seven times, and committed forty major rule violations.  The month prior to the release or transfer hearing, J.L.P. was involved in an incident in which he repeatedly stabbed his mattress with a

---

[1] The Texas legislature recently made the following non-substantive changes to section 54.11 of the Family Code: (1) some of the section numbers cross-referenced in section 54.11 were changed; and (2) references to the "Texas Youth Commission" and to the "commission" were changed to "Texas Juvenile Justice Department."  *See* Act of May 19, 2011, 82d Leg., R.S., ch. 85, § 3.007, 2011 Tex. Sess. Law Serv. 438.

pencil, threatened other TYC youths' lives, and chased a youth with the pencil. J.L.P. also committed two other major rule violations within three months of the hearing by "cheeking" his prescription medication in an attempt to sell or give it to others. This evidence supports the trial court's transfer order. *See* TEX. FAM. CODE ANN. § 54.11(k); *In re J.A.R.*, 343 S.W.3d 504, 508 (Tex. App.—El Paso 2011, no pet.) (analyzing evidence under the factors of section 54.11(k)).

We next consider the second factor provided by section 54.11(k)—the nature and manner of J.L.P.'s penal offense. The record shows a terrible sexual crime committed on a young victim. J.L.P., who was fifteen years old at the time of the penal offense, initially asaulted the victim, who was ten years old, in her own home. She ran away seeking safety and shelter at a nearby model home. J.L.P. found her and assaulted her a second time. This evidence supports the trial court's transfer order. *See* TEX. FAM. CODE ANN. § 54.11(k); *In re J.A.R.*, 343 S.W.3d at 506, 508 (affirming a trial court's transfer order where the appellant, who was fifteen years old at the time of the penal offense, sexually assaulted a seven year old).

Finally, we consider the fourth factor—the safety of the victim. Admitted evidence showed that the home where J.L.P. will reside, if released, is in close proximity to the victim's home. Additionally, the record indicates that J.L.P. continues to blame the victim for the offense. Moreover, the victim's mother gave the court an impact statement revealing that since her daughter's assault, her daughter has begun cutting herself, has been getting into trouble at school, and fears J.L.P.'s release. This evidence further supports the trial court's finding. *See* TEX. FAM. CODE ANN. § 54.11(k); *In re J.A.R.*, 343 S.W.3d at 508.

The trial court expressly stated on the record the factors provided by section 54.11(k) of the Family Code, and the court referenced evidence to support the relevant factors. After reviewing the record in its entirety, we cannot say that the trial court abused its discretion. *See In*

*re J.A.R.*, 343 S.W.3d at 508; *In re D.L.*, 198 S.W.3d at 229.  Because there was some evidence to support the trial court's transfer order, the trial court did not act unreasonably, arbitrarily, or without reference to guiding principles.  *See* TEX. FAM. CODE ANN. § 54.11(k); *In re J.A.R.*, 343 S.W.3d at 508; *In re D.L.*, 198 S.W.3d at 229.

## CONCLUSION

Because the trial court did not abuse its discretion in transferring J.L.P. to the Texas Department of Criminal Justice, we affirm the trial court's judgment.

Rebecca Simmons, Justice