# NO. 12-13-00270-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:  J. B.,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

---

## *MEMORANDUM OPINION*

In this original proceeding, J.B. asserts that although a reasonable time has passed, the trial court has failed to rule on his motion to "vacate and correct its void judgment and sentence, and correct it."  He seeks a writ of mandamus directing the trial court to rule.[1]  We deny the petition.

## BACKGROUND

In June 2008, at the age of seventeen, J.B. pleaded true to allegations of aggravated assault with a deadly weapon committed when he was sixteen years old.  He was found to be a child engaged in delinquent conduct and placed on determinate sentence probation for ten years.  Five months later, he was found to have violated the conditions of his probation.  As a result, he was ordered committed to the Texas Youth Commission (TYC) for ten years with possible transfer to the Texas Department of Criminal Justice–Institutional Division (TDCJ).  On May 13, 2010, after a hearing, the trial court rendered an order transferring J.B. to TDCJ "for completion of his ten (10) year sentence."

J.B. has filed a motion in the trial court alleging that the "transfer hearing" was void, and therefore the district court lacked jurisdiction to order his transfer to TDCJ.  To support his conclusion, he asserts that his grandmother, who was also his legal guardian, was never served

---

[1] The respondent is the Honorable Dwight L. Phifer, Judge of the 2nd Judicial District Court, Cherokee County, Texas.  The State of Texas is the real party in interest.

with notice of the transfer hearing as required by Texas Family Code Section 54.11. As a result, he urges that the transfer order is void and should be corrected.

The trial court has not ruled on J.B.'s motion. In this original proceeding, J.B. requests a writ of mandamus directing the trial court to rule on the motion.

## AVAILABILITY OF MANDAMUS

J.B. implicitly argues that ruling on his motion is a ministerial act that the trial court has a duty to perform. An act is "ministerial" where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 832 (Tex. 1980) (orig. proceeding). Consideration of a motion properly filed and before the court is ministerial. *See Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178-79 (Tex. 1988) (orig. proceeding). But a court has no duty to rule on a matter over which it has no jurisdiction. *Id.* at 179.

The trial court has plenary power to grant a new trial or to vacate modify, correct, or reform the judgment within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). Generally, a trial court may not set aside a judgment after its plenary power expires. TEX. R. CIV. P. 329b(f). An exception applies when a trial court judgment is void. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 309-10 (Tex. 2010) (orig. proceeding); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding). Thus, a void judgment can be set aside by the trial court at any time. *Forrest*, 795 S.W.2d at 703. A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding).

## NOTICE

Before conducting a hearing to determine whether a person should be transferred from TYC to TDCJ, the trial court is required to notify the person's legal custodian, among others, of the time and place of the hearing. TEX. FAM. CODE ANN. § 54.11(b)(3) (West 2014). However, the statute does not specify the method by which notice must be given. *See generally* TEX. FAM. CODE ANN. § 54.11 (West 2014).

J.B. contends in his motion, and in this proceeding, that his grandmother, A.B., was never "served" with notice of the transfer hearing. He asserts that A.B. was his legal guardian on the date of the hearing and that the failure to notify her of the hearing as required by Section 54.11 makes the "transfer hearing" void.[2] However, lack of notice of a hearing is not one of the usual circumstances that renders a trial court's judgment or order void. *See Browning*, 698 S.W.2d at 363 (judgment void only when apparent that court rendering judgment had no jurisdiction of parties, no jurisdiction of subject matter, no jurisdiction to enter judgment, or no capacity to act as a court).

Moreover, the transfer order in this case includes a recital that the hearing was conducted "[a]fter due notice had been issued on all parties[.]" We may presume the regularity of recitations like this in transfer orders. *See In re E.V.*, 225 S.W.3d 231, 234 (Tex. App.–El Paso 2006, pet. denied). If the record supports the court's finding, as set forth in a transfer order, that all parties were notified, notice will be deemed adequate. *Id.* Section 54.11 contains no requirement that any party be "served" with notice of a transfer hearing. *See* TEX. FAM. CODE ANN. § 54.11.

The State has provided a reporter's record from May 3, 2010, which was the date originally scheduled for the transfer hearing. J.B. appeared with his mother and his attorney. At the beginning of the hearing, J.B.'s attorney informed the trial court that one of his witnesses "that [he] was going to call to testify[,]" "[J.B.'s] grandmother," had suffered a stroke and was in the hospital. He stated further that J.B.'s mother was in the courtroom and had just informed him of A.B.'s condition. He did not contend that A.B. had no notice of the hearing.

The court agreed to hear the State's witnesses and to reset the hearing for a date when "hopefully we can get [A.B.] here." On May 13, 2010, the court reconvened the hearing, at which time A.B. attended and testified.

We conclude that counsel's statement that "[J.B.'s] grandmother" was to testify on May 3 and A.B.'s subsequent attendance on May 13 show that she was notified of both hearing dates.

---

[2] Attached to J.B.'s motion in the trial court is A.B.'s affidavit in which she states that she was J.B.'s legal guardian on the date of the transfer hearing and that she was never served with notice of the hearing. Also attached to the motion is a copy of an unserved subpoena issued for A.B. to appear and testify as a witness on November 4, 2008. Neither of these documents appears to have been filed in the trial court. Consequently, we do not consider them in addressing the merits of J.B.'s mandamus petition. *See* TEX. R. APP. P. 52.7(a)(1) (requiring filing of a record that includes certified or sworn copy of every document material to relator's claim for relief and "filed in any underlying proceeding"). Additionally, the subpoena is for a date approximately eighteen months prior to the 2010 transfer hearing and therefore does not pertain to that proceeding.

Consequently, we conclude that the record supports the recitation in the trial court's order that "due notice had been issued on all parties" as required by Section 54.11. *See, e.g.*, ***E.V.***, 225 S.W.3d at 235. Therefore, even if J.B. had shown that lack of notice renders a transfer order void, that rule would not apply here.

## CONCLUSION

J.B. requests that this court issue a writ of mandamus directing the trial court to rule on his motion to correct and vacate a void judgment. However, he has not shown that the May 13, 2010 transfer order is void. *See **Browning***, 698 S.W.2d at 363. Additionally, the trial court's plenary power over the transfer order has expired. *See* TEX. R. CIV. P. 329b(d) (trial court has plenary power to set aside judgment within thirty days after judgment is signed). Consequently, the trial court lacks jurisdiction to modify or vacate the order. *See* TEX. R. CIV. P. 329b(d); *see **Browning***, 698 S.W.2d at 363. Therefore, J.B.'s motion is not properly before the trial court, and the court has no duty to rule on it. *See **Doctors Hosp.***, 750 S.W.2d at 179. Accordingly, we ***deny*** J.B.'s petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 11, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 11, 2014

NO. 12-13-00270-CV

**J. B.,**
Relator
v.
**HON. DWIGHT L. PHIFER**,
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **J.B.,** who is the defendant in Cause No. J-03-088, pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on August 29, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*