

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00053-CV

---

IN THE MATTER OF D.B.

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 4-JV-12

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

# O P I N I O N

After a hearing on May 7, 2014, the trial court entered its order transferring D.B. from the custody of the Texas Juvenile Justice Department[1] (TJJD) to the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ) to serve the remainder of his thirteen-year determinate sentence. In this Court, D.B. asserts that the transfer order is unlawful because there is no evidence that the victim of his crime was given notice of the transfer/release hearing. We overrule D.B.'s point of error and affirm the judgment of the trial court.

## I.      Background

In January 2012, D.B., who was sixteen years old at the time, was charged with engaging in delinquent conduct for the aggravated robbery of Cornelius Richardson. D.B. waived his right to a jury, and after a hearing on March 27, 2012, D.B. was found to have engaged in delinquent conduct by the district court, sitting as a juvenile court, and was committed to the TYC for a determinate sentence of thirteen years. The TJJD may not retain custody of a youthful offender beyond his nineteenth birthday. *See* TEX. HUM. RES. CODE ANN. § 245.151(d), (e) (West 2013). If the youthful offender has been committed to the TJJD for conduct constituting a first degree felony, the TJJD is prohibited from releasing him on parole without approval of the juvenile court that entered the order of commitment unless the youthful offender has served three years of his determine sentence. *See* TEX. HUM. RES. CODE ANN. § 245.051(c)(2) (West 2013). Because D.B. would reach his nineteenth birthday before he had completed three years of his determinate sentence for aggravated robbery, the State filed a motion to transfer D.B. to the TDCJ. *See* TEX.

---

[1]The Texas Juvenile Justice Department was formerly known as the Texas Youth Commission (TYC).

2

FAM. CODE ANN. § 54.11 (West 2014); TEX. HUM. RES. CODE ANN. § 244.014 (West Supp. 2014). In its motion to transfer, the State requested that the court set a hearing and give notice of the hearing to D.B. and his mother. D.B., his mother, and his older brother attended the hearing and testified on D.B.'s behalf. After hearing testimony from witnesses for the State and D.B. and considering the documentary evidence, the trial court entered its transfer order, finding it was in the best interest of D.B. and the public that D.B. be transferred to the TDCJ to serve the remainder of his thirteen-year sentence.

## II.     Notice to the Victim

On appeal, D.B. asserts only that the transfer hearing was unlawful because, he alleges, there was no notice of the hearing given to the victim of his offense or a member of the victim's family as required by the Texas Family Code. *See* TEX. FAM. CODE ANN. § 54.11(b). Section 54.11(b) requires that the court give notice of the transfer hearing to, among others, the victim of the offense that was a ground for the delinquent conduct disposition or a member of the victim's family. TEX. FAM. CODE ANN. § 54.11(b)(5). Initially, we note that D.B. did not object at the hearing or in any way direct the trial court's attention to any defect related to not giving the victim or his family member notice of the hearing. Generally, to preserve a complaint for appellate review, a party must present a timely request, objection, or motion to the trial court that states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a); *Holmes v. Concord Homes, Ltd.*, 115 S.W.3d 310, 316 (Tex. App.—Texarkana 2003, no pet.). If a party fails to do this, error is not preserved. *Id.* The State takes the position, however, that under *In re C.O.S.*, D.B. may raise this point for the first time on appeal. *In re C.O.S.*, 988 S.W.2d 760, 767 (Tex.

3

1999).  We are not convinced that the rule expressed in *C.O.S.* is applicable in this case,[2] but without objection from the State, we will assume, *arguendo*, that D.B. may raise this error for the first time on appeal.

D.B. argues that the release/transfer hearing was unlawful because it was allegedly held contrary to the requirements of Section 54.11(b).  An action taken by a court that is contrary to a statute or rule makes it voidable or erroneous, but not void.  *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam) (orig. proceeding)); *In re O.R.F.*, 417 S.W.3d 24, 43 (Tex. App.—Texarkana 2013, pet. denied).  In order to show that the hearing and the resulting order were voidable or erroneous, D.B. must show that the court's action was taken contrary to the statute.

The transfer order recites that the hearing was held "after due notice had been issued on all parties as required by Tex. Fam. Code §54.11."  We indulge every presumption in favor of the regularity of the trial court's judgment and the recitations therein.  *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *E.V.*, 225 S.W.3d at 234; *Gen. Elec. Capital*

---

[2]*C.O.S.* involved the failure of the juvenile court, at the adjudication hearing, to give the juvenile admonitory instructions, required by statute, that included an admonishment that the juvenile adjudication could be used in a future adult criminal prosecution and an admonishment concerning his right to confront witnesses. *C.O.S.*, 988 S.W.2d at 762. The Texas Supreme Court, relying on Texas Court of Criminal Appeals precedent since juvenile proceedings are quasi-criminal, held that the failure to give these admonishments required by statute could be raised for the first time on appeal unless expressly waived by the juvenile. *Id.* at 767. In contrast, the release/transfer hearing is not a trial, and the juvenile is not being adjudicated. *In re J.M.O.*, 980 S.W.2d 811, 813 (Tex. App.—San Antonio 1998, pet. denied). Since guilt/innocence is not being determined, the same considerations used to protect constitutional or statutory rights are not as stringent in a release/transfer hearing. *See id.*; *In re D.S.*, 921 S.W.2d 383, 387 (Tex. App.—Corpus Christi 1996, writ dism'd w.o.j.). This would be especially true here, where the alleged failure to give notice involved the victim, not the juvenile or his relatives. *See In re E.V.*, 225 S.W.3d 231, 234 (Tex. App.—El Paso 2006, pet. denied); *cf. In re J.L.S.*, 47 S.W.3d 128, 130 (Tex. App.—Waco 2001, no pet.) (when alleged failure to give notice of hearing involved juvenile, issue could be raised for first time on appeal), *with In re B.D.*, 16 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (questioning whether error preserved when not raised at trial court).

4

*Assurance Co. v. Jackson*, 135 S.W.3d 849 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *B.D.*, 16 S.W.3d at 80; *Willingham v. Farmers New World Life Ins. Co.*, 562 S.W.2d 526, 528 (Tex. Civ. App.—El Paso 1978, no writ). This means we will presume the recitations contained in the transfer order are true unless the record contains controverting evidence demonstrating their falsity. *Breazeale*, 683 S.W.2d at 450; *E.V.*, 225 S.W.3d at 234; *Willingham*, 562 S.W.2d at 528.

In *E.V.*, the appellant asserted that the transfer hearing was unlawful because his mother did not receive notice of the hearing as required by Section 54.11(b)(2). *E.V.*, 225 S.W.3d at 234; TEX. FAM. CODE ANN. § 54.11(b)(2). As in this case, the transfer order recited that due notice had been issued on all parties as required by Section 54.11(b). Although there was no affirmative showing that notice had been given to his mother, the only evidence controverting the recitations in the order was the absence of appellant's mother at the hearing. Under these facts, the record supported the recitation in the order that notice had been issued on the parties as required by the statute. *E.V.*, 225 S.W.3d at 234–35.

In this case, D.B. does not point to any controverting evidence that shows the victim or his family member did not receive notice. D.B. points to the fact that the victim was not at the hearing, that the motion to transfer did not specifically request notice be given the victim, and that the record does not reflect any notice being sent to the victim's last known address as evidence that notice was not given. However, while these facts may raise a suspicion, none of them could support an inference that the notice was not issued, much less overcome the presumption in favor of the recitation in the order that notice was issued. Further, although D.B.

5

seems to imply that the State has the burden to show notice was issued, he cites no authority in support of that proposition, and we have found none. *See B.D.*, 16 S.W.3d at 81. Since there is no evidence in the record to controvert the recitations in the transfer order that notice was given to all parties as required under Section 54.11, D.B. has failed to show that the trial court acted contrary to the requirements of the statute.[3] We overrule D.B.'s point of error.

      We affirm the trial court's order.


                            Bailey C. Moseley
                            Justice

Date Submitted:      January 20, 2015
Date Decided:       January 28, 2015

---

[3]Since D.B. has not shown that the trial court erred, we need not address his argument that its error was compounded because it was precluded from considering the protection of the victim and the victim's family. *See* TEX. FAM. CODE ANN. § 54.11(k). We note that (1) the trial court's order recites that it considered this factor and there is no controverting evidence demonstrating it did not, and (2) the trial court is not required to consider all the subsection (k) factors. *See In re R.G.*, 994 S.W.2d 309, 312 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).