

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00040-CV

_____


IN THE MATTER OF R.O., A JUVENILE


On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 1-JV-14


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Two witnesses differed in their perspectives during the hearing to decide whether to transfer the sixteen-year-old R.O. to the Texas Department of Criminal Justice (TDCJ) as an adult to complete his twenty-year sentence on two counts of aggravated robbery. Both witnesses were from the Texas Juvenile Justice Department (TJJD). One of them, Leonard Cuccolo, had a number of TJJD records related to R.O. and testified in favor of the transfer; the other, Jamal Richardson, had personal contact with R.O. and testified in favor of retaining him in the TJJD. Appealing from the trial court's order transferring R.O. to the TDCJ, R.O. claims that victims of his offense were improperly not notified of the hearing and that the trial court abused its discretion in ordering the transfer. Because (1) this record does not establish a notice violation and (2) ordering the transfer was within the trial court's discretion, we affirm the action of the trial court.

*(1) This Record Does Not Establish a Notice Violation*

R.O. complains that there was error in the failure to give notice of the transfer hearing to the three victims of R.O.'s offenses. He argues that this issue may be raised for the first time on appeal without express preservation in the trial court. The State claims R.O. failed to preserve any such error and that the record does not support a finding of lack of notice. Because this record does not establish a lack of statutory notice, we will overrule this issue without addressing preservation.

When considering the transfer of a juvenile to the TDCJ, there is to be a hearing, notice of which shall be given to certain individuals, including "the victim of the [underlying] offense." TEX. FAM. CODE ANN. § 54.11(b)(5) (West 2014). Although R.O. did not raise this issue with the

2

trial court, he cites authority suggesting that he may complain on appeal for the first time. *See In re J.L.S.*, 47 S.W.3d 128, 130 (Tex. App.—Waco 2001, no pet.) (citing *In re C.O.S.*, 988 S.W.2d 760, 767 (Tex. 1999)). On the other hand, we recently questioned whether preservation is required of failure to notify a victim of a transfer hearing. *See In re D.B.*, 457 S.W.3d 536, 538 (Tex. App.—Texarkana 2015, no pet.). In *D.B.*, we did not decide whether the issue may be raised for the first time on appeal, but decided the issue of alleged lack of notice on its merits. *Id.* Here, we can decide this issue on the merits as well, since there is no evidence in the record that notice was not given to R.O.'s victims.

R.O. argues that his three victims were demonstrably absent from the transfer hearing, according to the record, and that there is nothing in the record showing notice to them. While nothing demonstrates the victims' presence and there is no separate proof of notice, the order of transfer recites that "due notice [of the transfer hearing was] issued on all parties as required by" Section 54.11 of the Texas Family Code.

Recitals contained in the judgment are presumed true unless there is a conflict between the judgment and record. *See Parks v. Developers Sur. & Indem. Co.*, 302 S.W.3d 920, 923 (Tex. App.—Dallas 2010, no pet.); *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, no writ). When someone challenges a recitation contained in a judgment, he or she must overcome the normal presumption that recitals in the written judgment are correct and are binding unless proven false by the record. *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)).

This record does not establish the lack of notice to R.O.'s victims. Also, contrary to R.O.'s argument, the lack of victims at the hearing does not demonstrate a lack of notice to them and does not overcome the recitation of notice in the order. *See D.B.*, 457 S.W.3d at 539.

We overrule this issue.

*(2)* *Ordering the Transfer Was Within the Trial Court's Discretion*

R.O. also complains that there was abuse of discretion in transferring him to serve the remainder of his sentence in the TDCJ. The State contends that the transfer was within the trial court's discretion, because the trial court considered the applicable factors under the statute and "some evidence" of substantive and probative character existed to support the transfer. We agree with the State.

We review for an abuse of discretion a trial court's decision to transfer a juvenile from the TJJD to the TDCJ. *See In re J.B.L.*, 318 S.W.3d 544, 550 (Tex. App.—Beaumont 2010, pet. denied); *In re F.D.*, 245 S.W.3d 110, 113 (Tex. App.—Dallas 2008, no pet.). An abuse of discretion occurs when the court's action is arbitrary and unreasonable or without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). If some evidence supports the trial court's decision, there is no abuse of discretion. *See F.D.*, 245 S.W.3d at 113.

To his credit, R.O. recognizes that a decision based on conflicting evidence is not an abuse of discretion. But, without cited authority on the point, he claims that, as happened here, when two witnesses conflict and the one supporting the transfer testified from only records, while the

4

other testified based on personal interaction with the juvenile, the transfer constitutes an abuse of discretion. We disagree.

Cucolo testified in support of the transfer. While his testimony was admittedly based on records from the TJJD, his testimony and the records were admitted without limitation. All of those items were evidence for the trial court to consider. Cuccolo's testimony noting frequent and serious misconduct by R.O. was uncontroverted. Also, a variety of records were admitted into evidence to be considered by the court.

Among other things, the admitted records indicate that R.O. exhibited aggressive and defiant behavior while in the TJJD, resulting in forty-three major rules violations. R.O. had sixteen Level II hearings, the most recent of which involved his participation in a major disruption of the facility operation, fleeing apprehension, and throwing bodily fluids. A psychological assessment completed by Daniel Krall, Ph.D., in January 2016, revealed that, although R.O. completed Aggression Replacement Training in August 2015, there was little, if any, reduction in problem behaviors. R.O. never progressed beyond Stage 1 of the treatment program. In Cuccolo's opinion, R.O.'s presence at the TJJD facility compromised the safety and security of the other youth and of the staff. Although R.O. was afforded several alternative interventions in attempts to curb his problem behavior and was warned several times that continued behavior problems could lead to an early TDCJ transfer, he continued to engage in aggressive and disrespectful behavior. The Gainesville State School Special Services Committee unanimously endorsed R.O.'s transfer to the TDCJ.

5

When ruling on the transfer request, the trial court had before it the foregoing evidence, as well as evidence of 177 documented incidents of R.O.'s misconduct at TJJD, evidence that R.O. had committed two counts of aggravated robbery, with a deadly weapon, and the recommendation of the TJJD that he be transferred. Those are among the factors the court is to consider when faced with a transfer motion. TEX. FAM. CODE ANN. § 54.11(d) (West 2014). There is no requirement that the trial court consider all listed factors, nor that evidence be admitted on each factor. *See In re J.A.R.*, 343 S.W.3d 504, 506 (Tex. App.—El Paso 2011, no pet.); *In re J.J.*, 276 S.W.3d 171, 178 (Tex. App.—Austin 2008, pet. denied). It is the trial court's role to weigh the evidence and the various factors. *See J.A.R.*, 343 S.W.3d at 506.

The court expressly considered the factors set forth by Section 54.11 of the Texas Family Code as well as the best interest of R.O. and the protection of the public. The transfer was within the trial court's discretion. We overrule this issue.

We affirm the trial court's order of transfer.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 20, 2016
Date Decided:       January 27, 2017

6