# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00028-CV

---

**In the Matter of C.B.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT**
**NO. J-32,272, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

C.B. appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD)[1] to the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) to complete the remainder of his thirty-year determinate sentence for aggravated sexual assault of a child. *See* Tex. Fam. Code § 54.11 (governing juvenile court's decision to parole or transfer juvenile offender); Tex. Hum. Res. Code § 245.051(c) (governing release under supervision of child committed to determinate sentence for delinquent conduct constituting violation of Texas Penal Code section 22.021); Tex. Penal Code § 22.021(a)(1), (a)(2)(B) (aggravated sexual assault). On appeal, C.B. asserts that (1) the trial court lacked subject-matter jurisdiction to transfer him to TDCJ-ID, (2) the trial court erroneously transferred him to TDCJ-ID because the record establishes he should have been transferred to the Texas Department of Criminal Justice-Parole Division (TDCJ-PD) to serve

---

[1]  The Texas Juvenile Justice Department was formerly known as the Texas Youth Commission (TYC).

the remainder of his sentence on parole under supervision, and (3) the trial court abused its discretion by ordering him to register as a sex offender. We affirm the trial court's judgment.

**BACKGROUND**

In April 2011, C.B., then sixteen years old, was arrested after sexually assaulting his three-year-old cousin. The State filed a petition alleging delinquent conduct and seeking a determinate sentence. C.B. waived his right to a jury trial and, after a hearing on May 17, 2011, the district court, sitting as a juvenile court, found that C.B. had engaged in delinquent conduct. The court committed C.B. to TJJD for a thirty-year determinate sentence. After considering C.B.'s motion to be excused from registering as a sex offender, the court found that the decision on whether C.B. should be required to register as a sex offender should be deferred until he had completed a sex offender treatment program. *See* Tex. Code Crim. Proc. arts. 62.351 (on motion by juvenile, court must conduct hearing to determine whether interests of public require juvenile's registration as sex offender), .352 (court may enter order deferring decision on requiring sex offender registration until respondent has completed sex offender treatment as condition of probation or while committed to TJJD).

Because C.B. was sixteen years old at the time of the hearing on the State's petition for determinate sentence, it was not possible for him to serve the required three-year minimum sentence in TJJD before his nineteenth birthday. *See* Tex. Hum. Res. Code §§ 245.051(c) (TJJD may not release child under supervision without approval of juvenile court unless child has served minimum period of confinement), .151(a) (TJJD may not discharge from its custody child serving determinate sentence who has not served his minimum sentence). Instead, TJJD may request a

2

hearing before the juvenile court for the determination of whether the person should be released on adult parole under the supervision of TDCJ-PD or transferred to TDCJ-ID to complete the remainder of his determinate sentence.[2] TJJD recommended that C.B. be released on adult parole under TDCJ-PD's supervision. The prosecuting attorney disagreed and sought to have C.B. transferred to TDCJ-ID. Upon TJJD's request for approval to release C.B. under supervision, the court was obligated to, and did, conduct a hearing to determine whether C.B. should be transferred or released. Tex. Fam. Code § 54.11(a).

At the hearing, several witnesses testified about whether C.B. should be released on parole or transferred from TJJD to TDCJ-ID. At the conclusion of the evidence, the trial court found that C.B. should be transferred to TDCJ-ID for completion of his thirty-year sentence. In its written transfer order, the trial court noted that it had considered (1) the evidence and arguments of counsel, (2) the experiences and character of C.B. before and after commitment to TJJD, (3) the nature of the offense C.B. was found to have committed, (4) the protection of the victim of the offense or any member of the victim's family, (5) the recommendations of TJJD and of the prosecuting attorney, and (6) C.B.'s best interests. *See id.* § 54.11(k) (identifying factors court may consider when making determination whether to transfer person from TJJD to TDCJ-ID or release him under supervision of TDCJ-PD). The trial court ordered C.B. returned by the Travis County Sheriff's Office to the care and custody of TJJD and then transferred to TDCJ-ID for the completion

---

[2] TJJD's letter requesting a hearing stated that C.B. "is 18 years of age and therefore subject to a transfer/release hearing under Sections 244.014 and 245.051, Human Resources Code and Section 54.11, Family Code." The letter also acknowledged that a hearing was necessary because C.B. would not complete the three-year minimum sentence by his nineteenth birthday and therefore could not be released from TJJD without court approval.

of his sentence.  The trial court also ordered C.B. to register as a sex offender.  *See* Tex. Code Crim. Proc. art. 62.051.  This appeal followed.  In three issues C.B. contends that the trial court lacked subject-matter jurisdiction to enter the transfer order and that it abused its discretion by ordering that he be transferred to TDCJ-ID and that he register as a sex offender.

### *Subject-matter Jurisdiction*

We first consider C.B.'s second appellate issue in which he asserts that the trial court lacked jurisdiction to order C.B. transferred to TDCJ-ID.  According to C.B., because TJJD was recommending that he be released to adult parole under TDCJ-PD supervision, the trial court's jurisdiction was limited to either approving or disapproving of the release and the court did not have the power to order him transferred to TDCJ-ID.  We disagree.

TJJD may not retain custody of a youthful offender beyond his nineteenth birthday.  *See* Tex. Hum. Res. Code § 245.151(d), (e).  Thus, prior to reaching the age of nineteen, a determination must be made whether a juvenile serving a determinate sentence will be released under supervision or transferred to TDCJ-ID to complete his sentence.  *Id.* § 245.051.  If the youthful offender has been committed to TJJD for conduct constituting a first degree felony, TJJD is prohibited from releasing him under supervision without approval of the juvenile court that entered the order of commitment unless the youthful offender has served three years of his determinate sentence.  *See id.* § 245.051(c)(2).  If, as in the present case, TJJD recommends release of a juvenile who was sentenced for a first-degree felony and who has not served at least three years in TJJD, the court must hold a hearing to determine whether the juvenile should be released under supervision of TDCJ-PD or transferred to TDCJ-ID.  *Id.* §§ 244.014; 245.051(c)(2); Tex. Fam. Code § 54.11(a);

4

*see also In re J.D.*, No. 10-13-00112-CV, 2014 WL 5494709, at *1 (Tex. App.—Waco Sept. 26, 2013, pet. denied) (mem. op.); *In re L.C.*, No. 04-12-00326-CV, 2013 WL 1338358, at *2 (Tex. App.—San Antonio Apr. 3, 2013, no pet.) (mem. op.). After evidence has been presented and the hearing has concluded, the trial court may order the return of the person to TJJD with or without approval for the person's release under supervision or order him transferred to TDCJ-ID to serve the remainder of the determinate sentence. Tex. Fam. Code § 54.11(i)-(j).

C.B. was sixteen years old at the time of the hearing on the State's petition for determinate sentencing, and it was not possible for him to serve the required three-year minimum sentence. For this reason, TJJD requested, and the court conducted, a "transfer/release" hearing. Although TJJD recommended release on adult parole under TDCJ-PD supervision, the court did not approve that recommendation and ordered C.B. returned to TJJD and thereafter transferred to TDCJ-ID to serve the remainder of his sentence.

In his brief, C.B. asserts that the trial court can only order a transfer if it has received a referral for transfer from TJJD not when, as here, TJJD recommends release. It is true that TJJD may request the transfer of a child found to have engaged in delinquent conduct constituting a first-degree felony to TDCJ once the child has reached the age of sixteen. *See* Tex. Hum. Res. Code § 244.014 (referral of violent and habitual offenders for transfer). But that provision of the Human Resources Code does not limit the court's jurisdiction to consider whether the juvenile should be released under supervision or transferred to TDCJ-ID to complete his sentence in a hearing conducted pursuant to Family Code section 54.11 when the child committed under a determinate sentence is approaching his nineteenth birthday without having served the minimum required

5

sentence.  TJJD requested a transfer or release hearing under Human Resources Code sections 244.014 ("Referral of Determinate Sentence Offenders for Transfer") and 245.051 ("Release Under Supervision").  The court had subject-matter jurisdiction to conduct the release or transfer hearing. *See* Tex. Fam. Code §§ 51.04 (juvenile court has exclusive jurisdiction over proceedings under Juvenile Justice Code); .0411 (court retains jurisdiction over person who is referred to court under 54.11 for transfer to TDCJ-ID or release under supervision).

C.B. also contends that the transfer was unauthorized because the evidence did not demonstrate that his conduct indicated that the welfare of the community required the transfer. *See* Tex. Hum. Res. Code § 244.014(a)(2) (transfer pursuant to section 245.014 requires showing that child's conduct indicates that welfare of community requires it).  In essence, C.B. contends that the evidence did not support a transfer order.  Any such evidentiary shortcoming, however, would not operate to deprive the court of subject-matter jurisdiction over the release or transfer hearing.  We overrule C.B.'s second appellate issue.

### Transfer Order

In his first issue, C.B. argues that the trial court abused its discretion by ordering him transferred to TDCJ-ID instead of released on adult parole under TDCJ-PD supervision.  A trial court's decision to transfer a juvenile from TJJD to TDCJ-ID is reviewed for an abuse of discretion. *In re R.T.*, No. 03-13-00378-CV, 2014 WL 1691639, at *1-2 (Tex. App.—Austin Apr. 24, 2014, no pet.) (mem. op.) (citing *In re J.L.C.*, 160 S.W.3d 312, 313 (Tex. App.—Dallas 2005, no pet.)).  In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily, unreasonably, or without reference to any guiding principles or

6

rules. *In re D.L.*, 198 S.W.3d 228, 229 (Tex. App.—Dallas 2006, pet. denied). "The trial court's decision will be upheld if the record contains some evidence to support it." *In re N.K.M.*, 387 S.W.3d 859, 864 (Tex. App.—San Antonio 2012, no pet.).

When conducting a transfer or release hearing pursuant to Family Code section 54.11, the trial court may consider written reports provided by "probation officers, professional court employees, professional consultants, or employees of [TJJD]." Tex. Fam. Code § 54.11(d). Additionally, when making a decision whether to approve TJJD's recommendation for release under supervision, the trial court may take into account:

> the experiences and character of the person before and after commitment to [TJJD], the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of [TJJD] and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

*Id.* § 54.11(k). The trial court is not obliged to consider all of the factors listed, and it may consider relevant factors not listed. *In re N.K.M.*, 387 S.W.3d at 864; *see In re J.J.*, 276 S.W.3d 171, 178 (Tex. App.—Austin 2008, pet. denied). Moreover, the trial court can assign different weights to the factors considered. *In re N.K.M.*, 387 S.W.3d at 864.

At the hearing, the trial court heard evidence about the brutal nature of the underlying offense, C.B.'s having admitted that he had previously coerced two boys his age into sexual conduct, and one incident of sexual misconduct after C.B. was committed to TJJD. There was evidence that C.B. was highly intelligent but suffered from an array of mental health disorders that were the focus of his treatment while at TJJD. He also successfully completed a sexual behavior treatment program.

7

Dr. Alexandra Marks, a clinical psychologist at the Corsicana Residential Treatment Center where C.B. lived, testified that C.B. has issues with isolation and withdrawal from other people, is impulsive, and has difficulty managing his behavior when under stress or in a highly emotional state. There was evidence that, during his exit interview from the sexual behavior treatment program, C.B. reported that he was attracted to young children. Dr. Marks opined that C.B. could be "fairly successful" on adult parole if in a very structured environment and if he participated in "aftercare for sexual behavior" while in the community.

There was evidence that, although C.B. expressed remorse for his behavior, he had trouble expressing empathy for others, which was attributed to a diagnosis of Asperger's Disorder. Patrick Weaver, a licensed professional counseling intern, reported that C.B. felt that his sentence was excessive and that on a number of occasions C.B. threatened self-harm if he was not provided with legal assistance. Dr. Madeline Byrne, TJJD's manager of institutional clinical services, recommended that C.B. be released under supervision but indicated that he should implement a "relapse plan" that included avoiding pornography, never being unsupervised around children, continuing mental health services, and staying active and busy. In her view, sex offenders reduce the risk of reoffending by having a "well rounded life" and having emotional support from someone close to them. Dr. Byrne testified that C.B. cooperated with the program, follows rules well, and "existed within the structure of the treatment program with good compliance."

The recommendation that C.B. be released on adult parole was based predominantly on his compliance with the treatment program provided at the Corsicana Residential Treatment Center, which focused on addressing his mental health issues. Each of the witnesses recommending

release under supervision stressed the importance of C.B.'s remaining in a highly structured environment with continued mental health treatment. Larry Cucolo, TJJD's court liaison, recommended special conditions of parole including that C.B. participate in mental health treatment, obtain gainful employment, participate in a sex offender treatment program, and be subject to TDCJ-PD's "Super Intensive Supervision Program," which includes wearing an electronic monitor and only being permitted to go to work, school, his parole office, and counseling.

The record establishes that the trial court reviewed the evidence in light of relevant section 54.11(k) factors. The court acknowledged that C.B. sincerely regretted his actions and wanted help with his mental health issues. But the court also expressed concern that C.B. had not yet received all the services he needed, including additional sexual behavior treatment, and that the evidence indicated that he was not yet able to control his impulses. The trial court heard evidence that C.B. had a very negative relationship with his mother, did not have a relationship with his father, and wanted to live with his grandparents, who might not be able to provide C.B. the highly structured environment he needed to successfully reintegrate into the community.

C.B. contends that the trial court abused its discretion by rejecting the witnesses' recommendations that he be released on adult supervision. But, as C.B. acknowledges, the trial court's discretion in a release or transfer hearing is broad, and the record includes evidence supporting the trial court's decision. This includes the brutal nature of the assault, previous incidents involving sexual misconduct, an incident of sexual misconduct occurring at TJJD, and C.B.'s acknowledgment at the conclusion of the sexual behavior treatment program that he was attracted to children. The trial court was entitled to give more weight to the seriousness of the underlying offense and to the concern that C.B.'s mental health issues, while improving, still caused him to be unable to control

his impulses when confronted with stressful situations. The trial court was also entitled to give more weight to the fact that C.B. would require a considerable degree of structure in his life, and it was not beyond the court's discretion to conclude that C.B. was not ready to be released under supervision and could pose a risk to the community if he were. Because there is some evidence to support the trial court's decision to transfer C.B. to TDCJ-ID as opposed to releasing him on adult parole, we hold there was no abuse of discretion. We overrule C.B.'s first appellate issue.

*Sex Offender Registration*

In his third issue, C.B. contends that the trial court abused its discretion by ordering him to register as a sex offender pursuant to Texas Code of Criminal Procedure chapter 62. According to C.B., he should not have been ordered to register because he had successfully completed sex offender treatment and there was no evidence to indicate that registration was in the public interest. The trial court originally deferred the decision on whether to require C.B. to register as a sex offender until after he completed a sex offender treatment program. *See* Tex. Code Crim. Proc. art. 62.352(b)(1), (c). Once treatment is successfully completed, the juvenile offender is exempted from registration unless a hearing is held on the State's motion and the court determines the interests of the public require registration. *Id.* art. 62.352(c). The standard of review is whether the juvenile court committed procedural error or abused its discretion in requiring the juvenile offender to register as a sex offender. *Id.* art. 62.357(b).

C.B. argues that the court abused its discretion because the evidence does not support the trial court's decision to require him to register. After successful completion of sex offender treatment, the juvenile offender is exempt from registration unless the court finds that the

10

interests of the public nevertheless require registration. *See In re L.L., Jr.*, 408 S.W.3d 383, 386 (Tex. App.—El Paso 2011, no pet.). In the absence of written findings, we will examine the trial court's implied findings that could support its decision. The court could have found under article 62.352(c) that C.B. successfully completed the treatment program but the interests of the public require registration. C.B. states that there is no evidence to support such a finding, and thus he challenges the legal sufficiency of the evidence supporting the implied findings. In reviewing a legal sufficiency challenge, we consider only the evidence tending to support the finding and disregard all evidence and inferences to the contrary. *See In re S.J.C.*, 304 S.W.3d 563, 570 (Tex. App.—El Paso 2010, no pet.). The evidence is legally sufficient if more than a scintilla of evidence supports the challenged finding. *Id.* Here, there was evidence that C.B. committed a brutal sexual assault on a very young child. There was also evidence that C.B. had a history of sexual misconduct before and after his commitment to TJJD. The record includes evidence that C.B. is subject to impulsive behavior when under stressful situations. In his exit interview from the sex offender treatment program, C.B. reported that he was attracted to young children. We conclude that the record contains more than a mere scintilla of evidence supporting the trial court's decision to order that C.B. register as a sex offender and that the trial court did not abuse its discretion in doing so. We overrule C.B.'s third appellate issue.

## CONCLUSION

Having overruled C.B.'s three appellate issues, we affirm the trial court's order transferring C.B. to TDCJ-ID for the remainder of his determinate sentence and its order that C.B. register as a sex offender pursuant to Texas Code of Criminal Procedure chapter 62.

11

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   July 15, 2015

12